## ELDERKIN v. SPURBECK.

1. JURISDICTION—JUSTICE'S COURT—COSTS.—A justice of the peace has no jurisdiction where the plaintiff claims a sum beyond the authority of the justice to render judgment; and where, in such case, for want of jurisdiction, he dismisses the cause, it is error for him to award costs against the plaintiff. 1 Wis. 511; 4 id. 188, 285. But as to appeals, see *Paine v. Chase*, 14 Wis. 653.

(1 *Chand.* 69.)

ERROR to the late District Court for *Walworth* County.

This action was commenced by the plaintiff in error against the defendant in error, before a justice of Walworth

county; and the plaintiff below having declared for, and claimed of the defendant below, a sum superior to the amount for which the justice had jurisdiction to render judgment, on a motion for the dismissal of the cause, the justice granted it.

On *certiorari* brought to the late district court the judgment of the justice was reversed, and upon such reversal a writ of error was brought.

The cause was submitted without argument.

*E. Elderkin*, for plaintiff in error.

*Kelsey & Gale*, for defendant in error.

JACKSON, J.    There are but two questions that properly arise in this cause.    First, had the justice before whom the cause was commenced any jurisdiction ?    Secondly, conceding the justice had no jurisdiction, were costs properly awarded against the plaintiff ?

The first question can readily be answered by reference to the declaration; from which it is manifest that the plaintiff seeks a recovery for the price of a horse valued at seventy-three dollars, and for the expenses incurred in his keeping, etc., amounting to the further sum of twenty-five dollars.    It is clear, therefore, that the justice had no jurisdiction, the " debt or the sum claimed " by the defendant exceeding fifty dollars.

The second question, we think, is equally free from doubt. It is a well-settled principle, that where an action is dismissed for want of jurisdiction in the court, whether it be a court of limited or superior jurisdiction, no costs can properly be awarded.    2 Mass. 207.

And although the justice before whom this cause was brought, very properly dismissed it for want of jurisdiction, yet, as the want of jurisdiction deprived him of the power to award judgment for costs against the plaintiff, the district court, to which this cause was brought up by *certiorari*, should

for this reason have reversed and not affirmed the judgment of the justice.

The judgment of the district court is therefore reversed, with costs.