CARY vs. WHEELER and another.

Under the Revised Statutes of 1858, a demand for judgment of foreclosure and sale upon a mortgage of land executed by husband and wife to secure a bond executed by the husband alone, could not properly be joined with a demand that the husband be adjudged to pay any *deficiency* in the proceeds of the sale.

But an objection to a complaint on the ground that several causes of action are improperly joined therein, if not taken by demurrer or answer, must be deemed to have been waived. R. S., 1858, chap. 125, sec. 9.

In the case of *Borden vs. Gilbert*, 13 Wis., 670, the section just referred to was overlooked by the court.

Where a mortgagor told a person who was about to buy the mortgage that it was all right and would be paid, he is estopped from setting up the defense of usury in the inception the instrument, as against such person or his assignee.

Where the wife signs the mortgage but is not a party to the bond secured by it, it is the general practice to make her a defendant to the action of foreclosure, in order to extinguish her inchoate right of dower, but what would be the effect of an actual foreclosure of the equity of redemption and sale of the land during the lifetime of the husband, under a decree to which she was not a party, is not decided in this case.

CARY
v.
WHEELER et al.

APPEAL from the County Court of *Milwaukee* County.

Action against *Charles H. Wheeler* and his wife, to foreclose a mortgage executed by them to secure a bond given by the husband only, for money loaned. Defense, usury. Trial by the court. It appeared that the bond and mortgage were assigned by the mortgagee to one Sage after due, and by him subsequently assigned to the plaintiff. There was some proof tending to sustain the defense. The other evidence need not be stated. The court found, among other facts, that the defendant *Charles H. Wheeler* represented to Sage, before his purchase of the bond and mortgage, that they were legal and valid, and requested him to purchase them; for which reason it decided that the defendant was estopped from setting up in this action the defense of usury in the inception of those instruments.

Judgment of foreclosure and sale, and that the defendant *Charles H. Wheeler* pay any deficiency, &c.

*Finches, Lynde & Miller*, for appellant:

1. The provision in the R. S. of 1849, authorizing a personal judgment for a deficiency in a foreclosure suit, was repealed by the R. S. of 1858; and there is now no authority for such a judgment. *Dunkley vs. Van Buren*, 3 Johns. Ch. R., 330; *Hammond vs. Deaver*, Western Law Monthly for November, 1860, p. 591. 2. The judgment for the deficiency is erroneous, because it does not "affect all the parties to the action." Sec. 30, chap. 125, R. S. 3. The evidence shows a usurious loan, and the defendant is not estopped from setting it up, as against this plaintiff, by his statement or admission to Sage. The plaintiff was not a party or privy to that statement or admission, and it does not appear that it was repeated to him by Sage.

*Emmons, Van Dyke & Hamilton*, for respondent:

1. In the case of *Sauer vs. Steinbauer* this court held that where the mortgagor is the only defendant, the judgment of foreclosure may direct the payment of any deficiency, by virtue of secs. 29 and 30 of chap. 125, R. S. 2. If there was a misjoinder of causes of action, the only way to take advantage of it was by demurrer. 3. This judgment affects the interest of the wife as well as of the husband, and substan-

tially in the same manner, as her interest is derived from her husband. It need not *equally* affect her. *Vermule vs. Beck*, 15 How. Pr. R., 333. 4. The provision in the judgment requiring payment of any deficiency, not being absolute but dependent upon the existence of a deficiency after the sale, is not the subject of an appeal. 5. As the plaintiff took the mortgage subject to the same equities as his assignor, he also took it free from any equities against which the assignor was entitled to an estoppel. See *Davis vs. Franklin*, 1 Barn. & Adolph., 142; *Middletown Bank vs. Jerome*, 18 Conn., 443; *Lewis vs. Woodworth*, 2 Coms., 512.'

*By the Court*, COLE, J. As the provision of our former statute, which authorized the court, in a suit to foreclose a mortgage, to give judgment for any balance of the mortgage debt that might remain unsatisfied after the sale of the mortgaged premises, has not been re-enacted, we have held in *Sauer vs. Steinbauer* (ante, p. 70), that under our present statutes such a judgment could be given only where the mortgagor was the sole defendant. This decision would be controlling on one point made in the present case, were the appellants in a position to avail themselves of it. Here the wife, who signed the mortgage with her husband but did not execute the bond, is made a party. We shall assume that she was a necessary party in order to extinguish her inchoate right of dower, though this point is not as clearly settled by the authorities as I expected to find it. The general practice undoubtedly is to make her a party, though what would be the effect of an actual foreclosure and sale of the equity of redemption during the lifetime of her husband, under a decree to which the wife was not a party, but where she signed the mortgage, is left in much doubt and uncertainty. See *Denton vs. Nanny*, 8 Barb. (S. C.), 618; *Mills vs. Van Voorhis*, 23 id., 125; *Bell vs. The Mayor of New York*, 10 Paige, 49; *Simonton vs. Gray*, 34 Maine, 50; *Wedge vs. Moore*, 6 Cushing, 8; *Keckley's Adm'r vs. Keckley's Ex'r*, 2 Hill's Ch. R., 250. But the wife having been made a party for the purpose of extinguishing her inchoate right of dower, while judgment is asked against the husband for any defi-

June Term, 1861.

CARY
v.
WHEELER et al.

November 2.

ciency which may exist after a sale of the mortgaged premises, is there a misjoinder of causes of action which can now be taken advantage of on this appeal?

Subdivision five, section five, chapter 125, R. S., provides that a party may demur to a complaint when it appears on the face thereof that several causes of action have been improperly united. The eighth section declares that when any of the matters enumerated in section five do not appear upon the face of the complaint, the objection may be taken by answer; while section nine provides that if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and an objection that the complaint does not state facts sufficient to constitute a cause of action. That there was a misjoinder of actions appeared upon the face of this complaint, and therefore objection upon that ground should have been taken by way of demurrer. The appellants did not object that there was a misjoinder, either by demurrer or otherwise; and if any force is given to the above provisions of law, they must now be deemed to have waived it.

In the case of *Borden vs. Gilbert*, 13 Wis., 670, a guarantor was made a party to a suit to foreclose a mortgage. We held that this was a misjoinder, and reversed the judgment on that ground. It is true that was a judgment by default; but our attention was not called to the provisions of the statute which provide that a party can only take advantage of a misjoinder by demurrer or answer, and that if he does not do so, he must be deemed to have waived the objection. This remark is necessary in order to explain the inconsistency between the decision in that case and the present one. We entirely overlooked the statute which settles this point of practice against the appellants.

The appellant *Wheeler* sets up in his answer that the loan was usurious. This defense cannot avail him in this suit. We shall not scrutinize very closely the evidence offered, to see whether there was usury in the original transaction or not. For even if we assume that the loan was usurious, and that the bond and mortgage could be avoided upon that

ground, we still think the appellant is not in a position to avail himself of that defense. It appears that Sage, the assignor of the respondent, was negotiating with Mitchell about taking the bond and mortgage mentioned in the complaint. Sage says that he told Mitchell he would see *Wheeler* and if it was all right he would take it. He further testified that he saw *Wheeler*, and told him the conversation he had had with Mitchell, and asked him if the mortgage was all right. *Wheeler* told him that it was, and wished him to take it, and promised to pay it during the season. This was in June, 1859. In view of this evidence, we fully agree with the circuit court in the opinion that *Wheeler* is estopped by these representations to Sage, from setting up that there was usury in the inception of the bond and mortgage, as against this respondent, the assignee of Sage. It probably would not be controverted that he would be thus estopped were this suit brought by Sage himself. *Watson's Executors vs. McLaren*, 19 Wend., 557 ; *Foster vs. Newland*, 21 id., 94 ; *Petrie vs. Feeter*, id., 172 ; *Davison vs. Franklin*, 1 Barn. & Adol., 142. It is insisted, however, that the respondent cannot claim the protection of these representations because they were not made to him. But it is essential for the safety of his assignor that he should be permitted to avail himself of them. For suppose he cannot, and that the appellant prevails in his defense of usury. The mortgage and bond will thereby be adjudged invalid, and Sage will be liable over to his assignee, without having any remedy against *Wheeler*, upon the faith of whose representations he first purchased the securities. We therefore think, if the assignor could rely upon the statements made to him, that the bond and mortgage were valid and that no defense existed to them, the benefit of the same representations should be extended to the respondent. See the case of *Middletown Bank vs. Jerome*, 18 Conn., 443.

The judgment of the circuit court is affirmed.