## MEAD vs. BAGNALL and others.

Under the provisions of chapter 181, General Laws of 1859, the plaintiff in an action might amend *of course* by making new defendants.

Chapter 220 of the General Laws of 1859, took effect from and after the 28th of March of that year, notwithstanding a slight error in its first publication on that day.

Where the provisions of a statute which relates to a particular class of cases, are repugnant to those of another statute approved the same day, which is of a more general character, the former must prevail as to the particular class of cases therein referred to.

Chapters 181 and 220, General Laws of 1859, were approved on the same day. So far as they are repugnant as to the time allowed for answering a complaint in an action, the provisions of chapter 220 must prevail in *foreclosure* actions arising under it.

When the legislative intent is to be inferred from the priority of one act to another, regard must be had to the dates of approval of the acts, and not to their dates of publication.

An objection to a complaint on account of a misjoinder of causes of action, must be taken by demurrer.

Persons made defendants to a foreclosure suit as having a subsequent interest in
the mortgaged premises, and who did not appear in the court below, cannot
raise the objection for the first time in this court, that the action was brought
by the plaintiff in his individual capacity, whereas it should have been brought
by him as a trustee.

When the complaint fully sets forth the representative character of the plaintiff,
and shows that he sues as trustee, an omission to describe him as such in the
title of the cause is at most a mere error of form, which should be corrected
by the court below after judgment, and disregarded on appeal.

January Term,
1862.

MEAD
v.
BAGNALL et al.

APPEAL from the Circuit Court for *Rock* County.

Action to foreclose a mortgage, commenced in October, 1858. After the passage of chap. 181, Laws of 1859, the plaintiff made *Norton*, *Bagnall* and others additional defendants, without leave of court, and served them with copies of the original summons and complaint, amended by adding the names of the new defendants, to which was attached a notice, requiring each party on whom such amended papers were served, to serve a copy of his answer by the 20th of May, 1859. On the 9th of June, 1859, none of the parties named as defendants having appeared, a judgment of foreclosure and sale was entered against all of them, and a judgment for any deficiency in the proceeds of sale against the mortgagor, in accordance with the demand of the complaint. From this judgment, *Norton* and *Bagnall* appealed. Other facts necessary to a proper understanding of the case, will appear from the opinion of the court.

*H. K. Whiton*, for appellants:

1. The old rule as to the admission of new parties in suits in equity, still prevails under the Code. Voorhies' Code, 5th Ed., 94, Note A. This rule required the assent of the court to such amendment, because the addition of new parties may wholly change the character of the action. *Palk vs. Clinton*, 12 Vesey, jr., 64; Edwards on Parties, 23. The amendments which may be made *of course*, are stated in section 80 of the Code. Under that section it has never been held that the parties may be changed without leave of court. *Russell vs. Spear*, 5 How. Pr. R., 142; Voorhies' Code, sec. 172, and authorities there cited. That such an amendment cannot be made *of course*, is apparent from secs. 25 and 26 of our Code, which prescribe the manner of bringing new parties before

January Term, 1862.

MEAD
v.
BAGNALL et al.

the court. 2. Chap. 181, Laws of 1859, relates only to that class of cases in which the summons and complaint shall be amended *of course* by making additional defendants. But no such cases exist; and the act is therefore inoperative. Besides, if of any effect, it could not be applied to foreclosure cases, because it would be in direct conflict with a later act of the same session—Chap. 220, Laws of 1859, which took effect April 2d. That chapter provides that all defendants in foreclosure suits shall have *ninety* days after service to answer, while chap. 181 would limit the time as to persons brought in by amendment as *additional* defendants, to *thirty* days. Chap. 220, it is true, relates to actions brought after its passage ; but as to the new defendants, this action may be said to have been commenced when they were made parties, and therefore after the passage of that act. 3. Counsel contended that chap. 181 contemplated a service of the amended summons and complaint upon the original defendants, and that any other interpretation might lead to great hardship and oppression so far as such original defendants were concerned. 4. Under the old chancery practice, an original bill could not be amended by incorporating therein anything that arose subsequent to the commencement of the suit, but such matter was required to be stated in a supplemental bill. Mitford's Equity, 55, notes ; *Hurd vs. Everett*, 1 Paige, 124 ; *Stafford vs. Howlett*, 1 Paige, 200 ; 1 Code R. (N. S.), 180 ; R. S., p. 726, sec. 41. In this case a part of the defendants named in the amended summons and complaint, acquired their interest in the mortgaged premises after the original suit was brought. 5. The amended summons required the appellants to answer the *original* complaint, which stated no cause of action against them. 6. The complaint shows no cause of action, as the suit is brought by *Mead* in his individual capacity, while the cause of action is one in which he has no interest except as trustee.

*Knowlton, Prichard & Jackson,* for respondent :

1. The decisions in New York, holding that a summons can in no case be amended as of course, are based upon other decisions which hold a summons to be a *writ* or *process* in that state. A summons is not process in this state. *Porter vs.*

*Vandercook*, 11 Wis., 70. Sec. 36, chap. 125, R. S., allowed a complaint to be amended of course without any limitation except as to time. It could, therefore, be amended by ad- ding or striking out parties defendant; and it would seem that a plaintiff must have the power to amend his summons so as to carry into effect the amendment of his complaint. 2. The construction sought to be placed upon chap. 181, Laws of 1859, by the appellants, would deprive it of all effect or force whatever. Such a construction will not be adopted if any other reasonable construction can be given it. *Thompson vs. The State*, 20 Ala., 54. Such a construction ought to be put upon a statute as may best answer the intention which the makers had in view, and that is sometimes to be collected from the cause or necessity of making it. Whenever the intention can be discovered, it ought to be followed, with reason and discretion, in its construction, although such construction may seem contrary to the letter." *Tonnele vs. Hall*, 4 Coms., 140; 2 Mich., 486; 15 Johns., 358; 1 Peters, 64; 2 id., 661; 1 Iowa, 325; 2 Cranch, 202; 3 Cow., 89; 12 Mass., 383; 15 id., 205; 10 Pick., 235; 20 id., 267; 15 Ga., 361; 2 Sneed, 38; 30 Miss., 410; Bacon's Ab., Title, "Statute," I. Counsel contended that the object of this statute was to do away with the unnecessary expense and delay caused by the practice requiring, whenever a complaint and summons were amended, that copies of the amended papers should be served on the original defendants.

*By the Court*, PAINE, J. We think it must be held under the provisions of chap. 181, Laws of 1859, that the plaintiff may amend of course by making new defendants. The counsel for the appellants contended that this could not be done without leave of the court, and cited some authorities sustaining that as a rule of practice, where there were no statutory provisions on the subject. But even conceding that to have been the rule, we think this chapter must be held, by necessary implication, to establish the right. It assumes its existence, and then proceeds to specify in what manner it may be exercised. Unless the right exists the whole statute becomes inoperative. It as clearly indicates the legisla-

tive intention that parties should have this right as though it had explicitly so provided. And the intent being clear, we think effect must be given to it. It may be true that the legislature might pass a law, based upon the assumption that other provisions of law existed, in such a manner that the courts could not say that such other provision did exist, if they had no other support that the mere legislative assumption. But this would generally arise from the fact that there would be uncertainty as to the details and precise extent and character of the law which was supposed to exist. But where the act which is passed clearly states the right which is assumed, so that the court can see upon the face of it with certainty the entire intention of the legislature, we think such a recognition of the right, and a provision for the manner of exercising it, must be held equivalent to a positive declaration that the right exists.

Nor do we see any such danger to be apprehended from it as the counsel for the appellant suggested. It is true the case might be rendered more complicated, and the litigation somewhat protracted. But these results have never been deemed sufficient to prevent the joining of new parties where that was essential or proper to the complete administration of justice. This has always been done by leave of the court, and we can see no more danger of injury, if the party is allowed by a general statute to make such amendments, than if he is required to obtain leave of court in each instance.

We have been referred to a law recently enacted by the legislature, published April 4, 1862, which seems to have been designed as a substitute for chapter 181, Laws of 1859, and which expressly provides that plaintiffs may amend of course by adding new parties. It is supposed that this amounts to a legislative recognition of the insufficiency of the former act to accomplish that result. But we think it may be fully explained upon the theory that it was designed to remove any doubt upon the point, and that it can have no effect in changing the construction which should be placed upon the former.

The counsel for the appellant further claims that chapter 181, Laws of 1859, was repealed by chapter 220 of the laws

of that year. He claims that the latter is repugnant to the former, and that it took effect subsequently to the other by reason of having been published afterwards. And he then applies the familiar rule that'the last act of the legislature repeals former provisions repugnant to it. But both these acts were approved on the same day, and we think it is the date of the approval and not the date of publication, which is to be looked at in determining the intent of the legislature, so far as that intent depends on the priority of its action. It is true that general laws must be published before they can take effect, but that does not make the printer a part of the law-making power, nor enable him, by delaying the publication of one law longer than that of another which was passed at the same time, to change the relations of the two upon the point of priority of legislative action.

But the ground relied on by the appellant fails entirely in this case, for the reason that chapter 220 did not take effect after chapter 181, but before it. Chapter 181 was published April 1, 1859, but chapter 220 was first published on the 28th of March of that year, and then, by reason of a slight error, was republished April 2d. But we held in the case of *Smith vs. Hoyt*, 14 Wis., 252, that the error was not of such a character as prevented the act from taking effect from the first publication.

Still, although we think there was no repeal, as chapter 220 relates to a particular class of cases, its provisions, so far as they are repugnant to those of chapter 181, which are general, may be held to govern in that class of cases. This is proper as a general rule of construction, and has been expressly provided for in our statutes in regard to the revision of 1858. Chap. 191, sec. 11. The only repugnancy between the two chapters, is as to the time to answer; and conceding that in foreclosure cases defendants should have ninety days to answer, according to chapter 220, this would only to that extent modify the provisions of chap. 181. It certainly could not have the effect of abrogating it entirely.

These appellants having been served with process according to chap. 181, we can see nothing, therefore, raising any question as to the jurisdiction of the court below over their

January Term, 1862.

persons. Nor can we see any error in the record, for which they can reverse the judgment. They did not appear nor answer. If there was a misjoinder of causes of action, by claiming a personal judgment for the deficiency against the mortgagor as well as a judgment of foreclosure, that objection could only be taken by demurrer.

These appellants were proceeded against as subsequent incumbrancers, with the usual allegations as to their interest in the premises. We are unable to see, therefore, how it can be urged that the complaint states no cause of action against them.

Nor can the objection be sustained, that the suit is brought by the plaintiff in his individual capacity and not as trustee. If it was, it is difficult to see how these appellants could be affected by it, or how they could raise the objection in this court for the first time on appeal, without even having appeared in the court below. But the objection is not sustained by the record. The complaint fully sets forth the representative character of the plaintiff, and shows that the suit is brought by him as trustee. If it was proper to describe him as trustee in the title of the cause, it is a mere matter of form, which should be amended by the court below after judgment, and disregarded on appeal.

The judgment must be affirmed, with costs.