## THE MERCHANTS' NATIONAL BANK VS. RAYMOND, impleaded, etc.

MORTGAGE FORECLOSURE: (1.) *Misdescription of note in mortgage.* (2.) *Personal judgment against married woman for deficiency.* (3.) *Prayer for appointment of receiver of her separate property.* (4.) *Judgment for deficiency against only one of two partners, joint obligors.*

1. A complaint in foreclosure states a good cause of action, although it shows that the note alleged to be due and unpaid is not correctly described in the mortgage, if it shows that this is a mere misdescription, and that the mortgage was designed to secure said note.

2. Where one of the mortgage debtors is a married woman having separate property other than that mortgaged, the complaint in foreclosure may properly demand a personal judgment against her for any deficiency, under ch. 243, Laws of 1862.

3. A further prayer for the appointment of a receiver of her separate property, etc., though perhaps unnecessary, does not render the complaint demurrable.

4. The note being made by partners for a partnership debt, a personal judgment for any deficiency may be demanded against one of them (in this case a married woman), without any such demand as to the other.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff appeals from an order sustaining a demurrer to the complaint. The case is stated in the opinion.

*E. Mariner*, for appellant:

By ch. 243, Laws of 1862, the court is authorized to render judgment for a deficiency, and to render judgment against a third party liable for the debt. By the decision in *Todd v. Lee* (15 Wis. 365; 16 id. 480), it is competent to proceed against a married woman by complaint in the nature of a bill for a receiver, and for the sale of her separate property to pay her debts contracted in business. It is not entirely settled that for a general debt contracted in the prosecution of her business, you can proceed in any other way. A prayer for the sale of her property not incumbered by the mortgage (after a recital of such property) is a proper prayer for a deficiency judgment against a married woman, and in New York is the only prayer tolerated. If the allegations as to her separate property are unnecessary, they at least do not render the complaint demurrable. But may not an action against a married woman, in equity to subject her separate property to the payment of her debt, be joined with one to foreclose a mortgage given to secure the same debt? If any of the defendants, though proper parties to one of these actions, are not proper parties to the other, the respondent is not in a situation to raise that objection. She is a proper party to both. She cannot be harmed

by the joinder of the actions, and therefore cannot complain. 14 Abb. Pr. R. 80.

*Jenkins & Elliott*, for respondent. [No brief on file.]

LYON J. The facts in this action are correctly stated in the brief of counsel for the appellant, as follows: "This is an appeal from an order of the circuit court of Milwaukee county, sustaining a demurrer to a complaint. The complaint alleges that the respondent is wife of one Frank Raymond, and that she and one Wade were partners, under the firm name of Raymond and Wade, with the consent of her husband; that as such partners they made a contract with the defendant to discount a note of $1,000, and if desired, from time to time to renew the same for a year, upon the agreement that the respondent should secure the same by mortgage of her separate estate; that in pursuance of such contract, a note at sixty days was executed, which was renewed from time to time, till the one in suit was made; and a mortgage, described in the complaint, was executed contemporaneously with the first note, but by mistake it was drawn to secure a note payable in a year, when by the agreement it should have been drawn to secure the note at sixty days, and the renewals thereof; that said mortgaged premises were insufficient security for the debt; that the respondent had other real estate adjoining the mortgaged premises (describing it), which was her separate estate; that the husband of the respondent claimed an inchoate right by the courtesy; and that the other defendants wer occupying the premises, or parts thereof, under the respondent, rendering her rent therefor; and prayed that the mortgaged premises be sold, and the proceeds be applied toward the discharge of the debt, and that a receiver be appointed of the separate estate of the respondent, and the rents collected, and the other property sold, and the proceeds applied in discharge of the deficiency, after applying the mortgage moneys.

"The respondent demurred separately: first, that several causes of action had been improperly united; and second, that the complaint did not state a cause of action."

It is said that the circuit court sustained the demurrer upon both grounds; but this does not appear by the record.

That the complaint states facts sufficient to constitute a cause of action against the defendant *Martha Raymond,* does not seem to admit of a doubt. The only room for question on this point is the circumstance that the note given for the loan was misdescribed in the mortgage. The mortgage was given to secure the payment of the loan in one year, and refers to the note given therefor as payable in one year, when the fact was, that although the loan was for a year, the note was given payable in sixty days, under an agreement that when the same became due it should be renewed by the giving of another note for sixty days, and so on by renewals every sixty days, until the expiration of the year; and, pursuant to such agreement between the mortgagee and Raymond & Wade, there were two renewals of the note. The complaint fully explains this misdescription of the note, shows that the debt to secure which the mortgage was given has not been paid, and that it was a valid debt, and was due when the action was commenced.

Are several causes of action improperly united in the complaint? The complaint substantially prays for judgment for any deficiency against *Mrs. Raymond,* when the amount of the same shall be ascertained, and asks that a receiver be appointed of her separate estate, other than the mortgaged premises, to the end that such deficiency may be paid out of the rents and profits, or out of the proceeds of the sale thereof.

If the facts stated in the complaint do not show that the plaintiff is entitled to resort to the other separate property of *Mrs. Raymond* for the payment of any such deficiency—or if they show that the plaintiff is not

JANUARY TERM, 1871. 571

The Merchants' National Bank vs. Raymond, impleaded, etc.

entitled to a judgment against her therefor—then the statement of those facts is not a statement of a cause of action. It is merely redundant and useless matter, which might be struck out upon motion, but which cannot be reached by a demurrer.

If such facts are sufficient to show that the plaintiff is entitled to the relief prayed for against *Mrs. Raymond,* the complaint would have been demurrable under the law as it stood from 1858 to 1862. *Cary v. Wheeler,* 14 Wis. 281; *Jessup v. City Bank of Racine,* id. 331; *Stillwell v. Kellogg,* id. 461; *Mead v. Bagnall,* 15 Wis. 156; *Jones v. Hughes,* 16 id. 683.

But chap. 243, General Laws of 1862, changed the law on this subject, and allows the plaintiff in an action to foreclose a mortgage to pray for judgment for deficiency against the parties liable therefor, and provides that a complaint so framed "shall not be taken, construed or adjudged to unite improperly several causes of action, or to be in violation of any law of this state, or of any rule of any court in this state." Section 2.

It seems to me that this statute saves this complaint, and fully answers the objection that several causes of action are improperly united in it.

The prayer for a receiver was probably unnecessary, inasmuch as the court, if it renders judgment against *Mrs. Raymond* for a deficiency, doubtless has the power to award the appropriate remedy to enforce payment thereof, without any special prayer therefor in the complaint. See opinion of COLE, J., in *Baird v. McConkey,* 20 Wis. 298.

I think, further, that *Mrs. Raymond* cannot take advantage of the failure of the plaintiff to ask for judgment for deficiency against the defendant Wade. I am unable to see how she can be prejudiced by such omission.

The order of the circuit court sustaining the demurrer to the complaint must be reversed, and the cause remanded for further proceedings.

*By the Court.*—Order reversed and cause remanded.