STORM and another vs. ADAMS and others, Garnishees.

*November 2 — November 21, 1882.*

JURISDICTION. *(1) Service of summons by publication.*
GARNISHMENT. *(2) When constable liable as garnishee.*
JUSTICES' COURTS. *(3) Jurisdiction. (4, 5) Intendments in support of proceedings.*

1. An affidavit for service by publication, made by the plaintiff's attorney on information and belief, stated (in the language of subd. 2, sec. 2639, R. S.) "that the defendant being a resident of this state has departed therefrom with intent to defraud his creditors," but did not state that the attorney was authorized to make the affidavit nor the grounds of his belief. The order for publication recited that it appeared to the satisfaction of the officer signing it "that the defendant being a resident of this state has departed therefrom with intent to defraud his creditors," and the judgment recited that it appeared "by due and sufficient proof that the summons was duly served by publication." Under sec. 2641, R. S., which provides that the order for publication shall be

"presumptive proof of the existence of all facts required to exist to authorize the same to be made, and conclusive in all collateral actions or proceedings," it is *held*, in a garnishee proceeding, that jurisdiction of the person of the defendant was properly obtained. *Hafern v. Davis*, 10 Wis., 501, distinguished.

2. A constable may be held liable as garnishee for moneys collected by virtue of an execution *against* the principal defendant.

3. A justice of the peace has no jurisdiction of an action upon an account amounting to $503.66 on which, after deducting all payments, etc., a balance of $287.66 is claimed.

4. Every reasonable intendment should be made in support of the proceedings of a justice of the peace.

5. A cause having been adjourned by a justice to a certain day at three o'clock in the afternoon, was called on that day at two o'clock. At three o'clock the plaintiffs appeared and filed proof of publication of notice. The defendant was not present. An amended complaint was filed, "*whereupon*" (the docket states) "judgment is hereby rendered in favor of the plaintiffs," etc. *Held*, that it will be presumed that the case was substantially held open without judgment until four o'clock.

APPEAL from the Circuit Court for *Taylor* County.

Garnishment. The garnishee, *Adams*, answered denying all liability but admitting that he had moneys in his hands collected by him, as constable, on several executions against the property of the principal defendant, Carlson, issued upon judgments rendered against him in justice's court. The plaintiffs took issue upon such answer, and upon motion of the garnishee, the plaintiffs in the actions in justice's court were made co-garnishees.

At the trial the judgment roll in the action against the principal defendant was introduced in evidence for the purpose of showing an indebtedness from him to the plaintiffs. The summons in that action was served by publication. The affidavit for the order of publication was made by the attorney of the plaintiffs on their behalf, and stated, among other things, "that said defendant, as affiant verily believes after diligent inquiry and all the information he can obtain in relation to said defendant, has absconded from this state;

that the said plaintiffs are unable to ascertain either the post office address or the residence of said defendant, although the said plaintiffs have made diligent efforts to ascertain them; that said defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, as affiant is informed and verily believes." The order for publication recited, among other things, that it appeared to the satisfaction of the officer making it "that the said defendant has absconded from this state; that the said plaintiffs are unable to ascertain either the post office address or the residence of said defendant, although the said plaintiffs have made diligent efforts to ascertain them; that the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors."

The docket of the justice and the papers in the actions referred to in the answer of the garnishee, were also put in evidence. It appeared from the docket in the case of *Henry W. King & Co.* against Carlson that the property of the defendant was attached, but that the officer was unable to find him or to serve the warrant of attachment upon him; that upon the return day of the warrant the plaintiffs, by their complaint, claimed the sum of $164.69 (which was also the amount of the indebtedness stated in the affidavit and warrant of attachment); that notice to the defendant that his property had been attached, and requiring him to appear on the 4th day of March, 1881, at three o'clock in the afternoon, was duly published, and that the case was continued until that day. The docket entries under date March 4, 1881, are as follows: "Case called at two o'clock, parties not present; three o'clock, plaintiffs appear by their attorneys, M. Barry and Charles W. Cleveland, and file proof of publication of notice; notice on file. Defendant not present. Plaintiffs ask leave to present an amended complaint on account for goods sold and delivered to the amount of $192.44, said complaint duly verified and proof of claim an-

nexed. Leave granted and complaint duly filed, whereupon judgment is hereby rendered, in favor of the plaintiffs and against the defendant, for the sum of $192.44," together with interest and costs, amounting in all to $244.51. This entry of judgment does not seem to have been signed by the justice. The proof of claim annexed to the complaint was an affidavit of one of the plaintiffs, sworn to before a notary public. It further appeared that, to authorize the issuance of execution, the plaintiffs in that action filed a bond in the penal sum of $400, which was approved by the justice, and that the execution under which the garnishee *Adams* claimed to hold a portion of the moneys in his hands was thereupon issued. Other facts will appear from the opinion.

The circuit court held that the judgment roll in the action against the principal defendant, Carlson, did not show an indebtedness from him to the plaintiffs, for the reason that the court did not obtain jurisdiction of the person or the property of said defendant, and held, further, that the judgments rendered in the justice's court in favor of *Henry W. King & Co.* and *John Pritzlaff* were duly and regularly rendered and the executions thereon duly issued. From a judgment in favor of the garnishees the plaintiffs appealed.

*Willis Hand,* for the appellants, contended, *inter alia,* that the judgment in the justice's court in favor of *Henry W. King & Co.* was void because rendered for a larger amount than that claimed in the published notice to the defendant. This notice does not appear in the record, but it will be presumed that it complied with the statute (R. S., sec. 3713), and stated the amount of the plaintiffs' claim. The defendant was entitled to notice of the whole of such claim. Presumably he saw the notice as published, and he might have been satisfied to let judgment be taken for the amount therein stated, but not for a larger sum. The plaintiffs in that action were bound, also, by the amount stated in their

## AUGUST TERM, 1882. 141

Storm and another vs. Adams and others, Garnishees.

affidavit for an attachment. *Rowley v. Berrian*, 12 Ill., 202; *Henrie v. Sweasey*, 5 Blackf., 273; *Hichins v. Lyon*, 35 Ill., 150; 42 id., 306; 62 id., 68; Drake on Attach., § 449a. The justice had no authority to render the judgment without proof of the plaintiffs' claim, and a mere affidavit is not such proof. R. S., sec. 3658. The judgment not having been authenticated by the signature of the justice was a nullity. The execution issued in that case was a nullity, also, because the bond filed was not in double the amount of the judgment. R. S., sec. 3715.

For the respondents there was a brief by *M. Barry*, their attorney, and *Jones & Sanborn*, of counsel, and oral argument by *Mr. Barry*. They argued, among other things, that the judgment against the principal defendant, introduced to show his indebtedness to the plaintiffs, was a nullity. The affidavit for the order of publication seems to have been intended to bring the case within subd. 1, sec. 2639, R. S., for the only allegation stated positively is that the defendant's residence is unknown. It is subsequently stated, *on information and belief*, that the defendant, being a resident of this state, has departed, etc.; but this is insufficient to bring the case within subd. 2 of sec. 2639, because: (1) The fact that defendant is a resident must be established by direct and positive testimony. Statements upon information and belief are but hearsay and not evidence of facts. *Hafern v. Davis*, 10 Wis., 501, and cases cited in note. (2) The affidavit does not show the ground of affiant's knowledge or belief, or that he was authorized to make it. *Wiley v. Aultman*, 53 Wis., 560. If it was intended to bring the case within subd. 1 of sec. 2639, the affidavit is wholly deficient in not showing that the defendant has property within the state. See *Jarvis v. Barrett*, 14 Wis., 591; *Winner v. Fitzgerald*, 19 id., 393; *Pennoyer v. Neff*, 95 U. S., 714. Sec. 2641, R. S., is inapplicable to this case. The object of that section was merely to cure irregularities. A court cannot

adjudicate into existence those facts which were necessary in order to enable it to act at all in the premises. *Pollard v. Wegener*, 13 Wis., 569. Moreover, this is not a collateral action or proceeding within the meaning of that section. The garnishee action could not be commenced independently, but is merely an adjunct of the principal action. *Curtis v. Bradford*, 33 Wis., 190.

ORTON, J. The plaintiffs commenced suit against the defendant Carlson, and caused a garnishee summons to be served on *A. Adams*, having in his hands, as constable, money received by him on several attachments and executions in favor of certain creditors by a sale of the property of Carlson. The plaintiffs sought to obtain jurisdiction of Carlson by publication.

1. It is contended by the learned counsel of the respondent that the judgment of the plaintiffs against Carlson is void for want of jurisdiction of his person. The plaintiffs' attorney made the affidavit for publication on his information and belief, and it was stated therein, in the exact language of the statute (subd. 2, sec. 2639, R. S.), "that the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors." In *Hafern v. Davis*, 10 Wis., 501, the affidavit failed to state distinctly any of the causes for publication. It failed to state actual nonresidence; and Chief Justice DIXON, in his opinion, says: "It is defective in not stating that the defendant was a resident of this state, and that he departed therefrom with intent to defraud his creditors or avoid the service of a summons." For these reasons alone the judgment was held void for want of jurisdiction. That case was brought to this court by appeal, and, of course, could be reversed for mere irregularities; and, it is said in the opinion, "the affidavit is in other respects *irregular*," and one irregularity was that the affidavit was made by an attorney of the plaintiff, and stated no grounds for his belief, or

the sources of his information. But the judgment was not held void for this irregularity, but because the affidavit stated no statutory ground for the publication. The order of publication recites: "It appearing to my satisfaction (among other things) that the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors," etc.; and the judgment recites, also, that "it appearing by due and sufficient proof, etc., that the summons was duly served by publication," etc. Section 2641, R. S., makes the order of publication "presumptive proof of the existence of all facts required to exist to authorize the same to be made, and conclusive in all collateral actions or proceedings." Under these statutes there can be no doubt that in this garnishee proceeding the judgment is valid, and jurisdiction by publication over the defendant was duly and properly obtained.

2. It is contended that *Adams*, being a public officer, and having money in his hands for which he was accountable to the defendant Carlson, was exempt from garnishee process, under subd. 3, sec. 2769, R. S. *Adams* being a constable, and having collected and received money by force of an execution against the defendant, his exemption from garnishee process must be urged, if at all, under subd. 2 of that section, which makes the exemption depend upon the fact that the execution or other process is *in favor* of the defendant. The language of subd. 3 is perhaps broad enough to include a sheriff or other officer having collected money by execution or other process against the defendant; but to so construe it would bring subdivisions two and three into conflict; and, besides, subd. 2 is special, and limited in its terms to sheriffs and other officers who have received or collected money by force of an execution or other process, while subd. 3 is general, and embraces all "public officers" who have money in their hands for which they are accountable to the defendant, however obtained. Therefore, by a common, as well as the statutory, method of construction, the special and particular provision

in subd. 2 must be held to govern. *Mead v. Bagnall*, 15 Wis., 156; *Schieve v. State*, 17 Wis., 253; *Woodbury v. Shackleford*, 19 Wis., 55.

3. The judgment of the plaintiffs being valid, and the constable, *Adams*, being liable to garnishment as to the moneys in his hands collected on execution against the defendant, unless held by him by prior or superior right by virtue of the executions on which the property of the defendant has been sold, the learned counsel of the appellants contends that the judgment against Carlson, in favor of one *John Pritzlaff*, on which one of said executions was issued, is void for want of jurisdiction of the subject matter in the justice who rendered it. The sum total of the account for goods, wares, and merchandise is stated in the amended complaint in that case to be $503.66, and the balance, after deducting all payments, setoffs, and counterclaims, is stated in said complaint to be the sum of $287.66, and judgment is demanded for that amount. Both the sum total of the account and the balance demanded were above the jurisdiction of the justice, and the judgment is clearly void. *Elderkin v. Spurbeck*, 2 Pin., 129; *McCormick v. Robinson*, id., 276; *Nimmick v. Mathiesson*, 32 Wis., 324; *Cooban v. Bryant*, 36 Wis., 605; subd. 4, sec. 3572, R. S.

4. It is also contended by the learned counsel of the appellants that the judgment in favor of *King & Co.* against Carlson is void by reason of the justice having rendered it prematurely, and without keeping the case open for one hour after the time fixed for appearance on the day to which the case had been adjourned. The case was adjourned to March 4, 1881, at three o'clock in the afternoon. At two o'clock the case was called. At three o'clock the plaintiffs appeared, filed proof of publication, and asked leave to amend their complaint. And then the docket recites: " Whereupon judgment is hereby rendered," etc. This " whereupon " may mean at four o'clock. The judgment was certainly not rendered

at three o'clock; for several things were done after that hour,— such as proof of publication, the amendment of the complaint, its verification, and proof of the account by affidavit, which things are recited as having been done. It is sufficient that it does not appear that the case was not held open until four o'clock before the judgment was rendered; and we think on these entries we may well presume that the case was substantially held open without judgment until that hour. Every reasonable intendment should be made in support of a justice's proceedings. *Conkey v. Post*, 7 Wis., 131.

There were other objections made, but they do not go to the jurisdiction of the court, and were mere irregularities or matters of evidence.

The result of these conclusions is that the garnishee *Adams* is accountable to the plaintiffs for the money in his hands collected on the judgment of *Pritzlaff* against Carlson.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in accordance with this opinion.