# [ Johnston *against* Thompson.

A mere indulgence to a principal, until he becomes insolvent and unable to pay the debt, will not release a security in the note which was the evidence of the debt, without omission by the plaintiff to proceed after notice.

ERROR to the common pleas of *Armstrong* county.

This was an action of debt on a note by Moses Thompson against Andrew Hickencooper, John Cox, William Cox and John Johnston, and the writ was served upon Johnston alone.    The defence by Johnston was, that he was a surety, and that such indulgence had been extended to Hickencooper the principal as released him from liability.    The evidence to support this defence was the following deposition of Andrew Hickencooper, who had been made a competent witness by a release.

Andrew Hickencooper deposed as follows: "in the spring of 1824, John Cox, William Cox and myself were partners in the salt trade, on the Kiskiminitas river.    We purchased of Moses Thompson, of Indiana county, two hundred bushels of wheat, and one hundred bushels of rye, for which we were to have a credit of nine months. Mr Thompson wanted security : we spoke of John Johnston, of Armstrong county ; and he agreed to take him.    We executed two notes for between 90 and 100 dollars each, with the name of John Johnston with ours, and delivered them to Mr Thomson.    I think the notes were dated in the month of June 1824, payable in nine months thereafter.    When the notes became due we had some overtures with Mr Thompson to make payment at certain times, and at least one time of payment was to be made at the next boating flood.    Probably two years after the notes were due, I met Moses Thompson at the store of the Salt Works Company, in Alleghany township, Armstrong county.    We spoke of the notes.    Mr Thompson and myself made an agreement, or had an understanding, that I should pay off the interest on the notes, either up to that date, or

[Johnston v. Thompson.]

up to even years (which of the two I do not recollect), and pay off one note some time during that summer, and for the other note he would wait one year longer. I paid the interest on the day as requested by Mr Thompson, by drawing my order on the Salt Works Company, which they paid. This understanding and payment of interest took place some time in the spring or first part of the summer of 1827. In the latter part of the same year, probably in November or December, John Fuller, millwright, called at my house and presented one of the notes, and demanded payment. At that time I had several hundred dollars in my house, and could have paid both notes if they had been presented; but considered that, owing to the understanding with Thompson at the Salt Works Company's store, the payment of the other note would not be asked before the summer of 1828. I paid the note in cash which Fuller presented. I had at different times since cash on hand sufficient to pay the other note if it had been pressed for payment."

The court below (Young, president) instructed the jury that the evidence established a mere indulgence, which would not release the defendant.

*Blair*, for plaintiff in error, cited, 1 *Law Lib.* 68; *2 Penns. Rep.* 203 ; 15 *Serg. & Rawle* 69.

*White*, contra.

PER CURIAM.—Giving the evidence its greatest effect, it showed but a willingness to indulge, which, even had it been an explicit promise, would not have restrained the plaintiff, for defect of consideration. In that sense he had given time, but in that sense he had not disabled himself. Had he even been diverted from immediate pursuit by payment of interest and a promise of punctuality in future, it would not have affected him ; nor would a promise, on such consideration, to wait for a specified period, have been a suspension of his right of action. The fact that the witness, who was a principal obligor, had means to pay, and would have paid had he been pressed, is a different consideration, that could affect the plaintiff only by an omission to pursue after notice to proceed. The direction to find for the plaintiff was therefore altogether proper.

Judgment affirmed.