KINGS GENERAL TERM, March, 1849.  *McCoun, Morse,*
and *Barculo,* Justices.

SISSON *vs.* C. D. BARRETT, impleaded with E. L. BARRETT.

Where a party signed a note as a surety for the first signer, and subsequently a
third person signed it, adding to his signature the word " surety;" *Held,* in an
action by the third signer of the note, against the second, to recover a sum
amounting to half of the note, which he had paid to the holder, that the addi-
tion of the word " surety" to the plaintiff's name did not materially affect the
rights of the parties ; that it did not constitute the plaintiff a surety as to *both* of
the previous signers, but only a co-surety with the second, for the first signer;
and that, in the absence of any thing beyond the face of the paper tending to
establish any other relationship between them than that of co-sureties, the
plaintiff could not recover.

MOTION for judgment upon a special verdict.  The action
was assumpsit.  The plaintiff declared upon the money counts,
and gave notice that he would give in evidence a note upon
which he had paid moneys as surety for the defendant, viz. the
sum of $1122,50 and interest from the 1st day of October, 1847.
The note was as follows :

" $2000.   For value received, we jointly and ·severally prom-
ise to pay Wm. Davis, his heirs or assigns, two thousand dollars
one year from date at seven per cent interest.  Poughkeepsie,
January, 1st, 1842.

E. L. BARRETT.

C. D. BARRETT.

JACOB SISSON, Surety."

The defendant Caleb D. Barrett pleaded the general issue.
The cause was tried at the Dutchess circuit in December, 1848,
before Justice BARCULO.   Whereupon the jury found a special
verdict as follows, to wit. 1. That the several signatures to the
note were in the proper hand-writing of the defendants respec-
tively.  2. That Jacob Sisson paid to the holder of the note,
upon his request, the sum of $1122,50 on the 1st of October,
1847, and that the amount of his claim against the defendant,

at the time of the trial, for principal and interest, was $1215,22, being one-half the note; and that on the same day, but a little time after, Caleb D. Barrett paid to the holder the sum of $1122,50, being the other half. 3. That the said Caleb D. Barrett was a surety for Edward L. Barrett on the note.

*John Thompson*, for the plaintiff.

*Wm. Eno*, for the defendants.

*By the Court*, BARCULO, J. The note was made for the benefit of Edward L. Barrett the first signer. The jury have found, by the special verdict, that Caleb D. Barrett was a surety for Edward L. Barrett. Sisson, the third signer, added to his signature the word "surety." There is nothing else to show the understanding of the parties, or the circumstances under which their respective signatures were made. The single question then arises, upon this state of facts, whether the legal effect of the word "surety," added to the plaintiff's name, constitutes him a surety, as to *both* of the previous signers, or a *co-surety* with Caleb for the real principal.

We have come to the conclusion that this addition of "surety" does not materially affect the rights of the parties. This seems to follow from the established doctrine that the question of suretiship is a question of fact open to parol proof; and although all the signers may be liable to a bona fide holder of the paper, their rights as between each other, may be varied by extrinsic evidence. Although, therefore, this addition would as a *matter of evidence*, establish the fact that the plaintiff was a surety, it can not, by any means, preclude any other signer from proving the same fact in regard to himself, in the ordinary way; and when the fact is thus found by the jury, the two sureties stand upon the same footing. The effect of the plaintiff's precaution in this cause, is to dispense with the necessity of proving *aliunde* the fact of his being surety. Caleb Barrett not having taken the same precaution, was compelled to resort to his proof before a jury. The verdict has annexed the word

surety to his name, and the two stand now on the footing of *co-sureties.* We do not mean to say that the plaintiff could not have guarded himself against his liability as a co-surety by adding to his signature an express declaration that he signed as surety for all the previous signers, as was done in *Harris* v. *Warner*, (13 *Wend*. 400;) nor that he might not have recovered against Caleb Barrett by showing a state of facts by which it should appear positively, or by legal intendment, that he intended, as to the plaintiff, to stand in the character of principal, according to the case of *Warner* v. *Price*, (3 *Wend*. 397.) But the present case does not come within either of the principles adverted to. It presents a bare struggle between two sureties, in which one seeks to charge the other with the whole payment, without showing any thing, beyond the face of the paper, that tends to establish any other relationship between them than that of co-sureties. We think he can not recover.

Judgment for defendant.

