Messrs. *Farquhar & Geer* for Taylor; Messrs. *J. W Ryon and D. A. Jones* for Brittain.

---

*Twenty-first Judicial District.*

# In the Orphans' Court of Schuylkill County.

## *In re* ESTATE OF PETER KELLER, Decd.

Exceptions may be either filed before the auditor or in court, under the 68th rule of court.

The mere omission of a creditor to collect his debt from the principal will not discharge the surety.

On the death of a surety on a joint obligation, where such surety has had no pecuniary interest, his estate is not discharged from the payment of the debt, since the passage of the act 11 April, 1848.

Opinion delivered June 16, 1873, by

WALKER, J. A preliminary point raised is upon the construction of 68th rule of court, relative to filing exceptions to auditors report in the orphans' court. Our opinion is that if exceptions are filed before the auditor and attached by him to his report, it is a compliance with the rule. Or they may be filed in court within the time prescribed. Both are proper and within the meaning of the rule.

The only exceptions to the auditor's report is the allowance of the claims of Frank Kehler and Reuben B. Billman, the holders of two separate promissory notes, on which Peter Keller had become surety.

The auditor has ably discussed the point as to what constitutes a discharge of a surety, and cited a great number of authorities, which conclusively show that the mere omission of a creditor to bring suit against the principal, will not discharge the surety.

When the surety desires to be released from liability, it is his duty to notify the creditors in an explicit manner to proceed and collect the debt, and upon failure or neglect of the creditor, a court of equity will grant relief to the surety. Cope *v.* Smith, 8 S. & R. 110 ; Erie B'k *v.* Gibson, 1 Watts 143 ; Johnson *v.* Thompson, 4 Watts 446 ; United States *v.* Simpson, 3 Pa. Rep. 437 ; Pain *v.* Packard, 13 Johnson 174 ; King *v.* Baldwin, 17 Johnson 384 to 404 ; American Leading cases, Vol. 2, 362 to 480 and notes ; Commonwealth *v.* Wolbert, 6 Birney 292 ; Wetzel *v.* Sponseler, 6 Harris 460 ; United States *v.* Samuel, 4 Wash. 620 ; Richards *v.* Commonwealth, 4 Wright 146 ; Strickler *v.* Burkholder, 11 Wright 476 ; Shimer *v.* Jones, *et al* 11 Wright 268 ; Pittsburgh & Ft. Wayne *v.* Shaefer, 9 P. F. S. 350 ; Conrad *v.* Foy, 18 P. F. S. 381 ; Wolleshlare *v.* Sceales, 9 Wright 45 ; Sesson *v.* Barrott, 6 Barb. 199 ; Hoffman *v.* Bechtel, 2 P. F. S. 190 ; Gardner *v.* Ferree, 15 S. & R. 28.

But the auditor finds that both the notes in dispute were *joint* ; that Peter Keller, though he signed them as one of the makers, was only a surety, and his relationship was known to the holders of the notes ; that he received no part of their proceeds, and that he died shortly after their maturity.

The holders of these notes now ask to receive the money out of his estate, and the auditor has awarded to them their respective claims.

At common law on the death of a surety on a joint obligation, without any pecuniary interest, his representatives are discharged both in law and equity, and the survivor alone could be sued. 1 Chitty pl. 36 ; Packer *v.* Julius, 2 Browne 31 ; Weaver *v.* Shryock, 6 S. & R. 262 ; Kennedy *v.* Carpenter. 2 Wharton 366 ; Bradley *v.* Burnett, 3 Denio 61 ; Harrison *v.* Fields' Ex., 2 Wash. 136 ; Waters *v.* Reilly, 2 Harris & Gill 305 ; Story Equity Jurisprudence, 162, 163, 164 ; United States *v.* Price, 9 Howard 83 ; Richter *v.* Poppenhausen, 42 N. Y. 373 ; Simpson *v.* Fields, 2 Chaucey C. 22 ; Summer *v.* Powell, 2 M. 29 ; Wright *v.* Russell, 3 Wilson 530 ; Runt *v.* Rousmanier, 8 Wheaton 212 ; Radcliffe *v.* Graves, 1 Vernon 196-7 ; Jones *v.* Beach, 2 DeGex, McNaughton & Gor. 886 ; Wilmer *v.* Curry, 2 De Gex & S. 347 ; Pitman *v.* Principal and Surety, 85 ; Cryenter *v.* Provoot, 2 Sand. 537 ; Ward *v.* Webber, 1 Wash. 274 ; Thomas *v.* Frazer, 3 Vesey Jr. 299 ; Burn *v.* Burn, 3 Vesey Jr. 573 ; *Exparte* Symonds, 1 Cox 200.

But since the passage of the act 6 April, 1830, and the act 11 April 1848, (Purdon's Dig. 1120 pl. 4, 5 and 6,) relative to obligors and obligees, and to defalcation, &c., this feature of the common law has been changed.

The supreme court in Miller *v.* Reed, 3 Casey 244, say *that these statutes were intended to obliterate the common law distinction between instruments joint and those joint and several in the cases mentioned in the acts.*

In Bowman, admr. *v.* Kestler 9 Casey 106, it was held that the estate of a co-promissor in a joint note, who was a mere surety, is not discharged from liability by his death, leaving the party principal surviving but insolvent. Such case although not within the letter is within the spirit of the act of 11 April, 1848.

The language of the act was limited to the case of a joint judgment. "*But it is manifest that what the legislature meant was the effect of the death of a joint obligor or promissor.*" Per Woodward, J.

This construction in our opinion is entirely out of the statute, but as it is a decision of the supreme court, we of course are governed by it.

The exceptions are therefore overruled and the report confirmed.

Messrs. *Marr* and *J. W. Ryon,* for exceptants ; Messrs. *Spinney* and *Haughawout,* contra.