## In the Court of Common Pleas of Schuylkill County.

### C. R. DONOUGH v. JOHN BOGER, JOHN MOODY AND PHILIP STEINBACH.

1. In a suit against three drawers of a joint promissory note, where there has been service of the writ upon two only, a copy of the note and a mere statement filed, are sufficient to entitle the plaintiff to judgment against those served—under the 5th section of the act of March 21, 1806.

2. The notice required to be given by surety to a principal in order to discharge him from undoubted legal liability should be clear and explicit to proceed and collect the debt.

3. The notice should be given after the maturity of the note, and reasonable time to proceed should be allowed, and the affidavit should state with certainty all the material facts required.

**Rule for Judgment for Want of Sufficient Affidavit of Defense.**

Opinion delivered March 30, 1874, by

WALKER, J.  Philip Steinbach, one of the defendants in the above case, in his affidavit, assigns two reasons why judgment should not be entered against him :

1st.  On account of the insufficiency of the pleadings.

2d.  That being a surety on the note he is discharged from liability.

As to the insufficiency of the statement, it is urged, that the action and pleadings are joint against all three defendants, while the return shows that service of the writ was made only upon Moody and Steinbach, and therefore the plaintiff cannot take judgment against the two served, unless there be an averment in the narr. that the process was issued against the other who was not found.  (See Troubat & Haly, vol. 2 page 618, formula under note 6.)  Latshaw v. Steinman.  11. S. & R., 357.  Boaz v. Heister 6, S. & R., 18.  Under the 5th section of the act of 21st March, 1806, (Purdon's Dig. 1166, pl. 10) a copy of the note and a mere statement has been held sufficient to take judgment.  Morgan, et al, v. Bank, 3 Pa. Rep. 391 ; Clark v. Dotter, 4 P. F. S. 215.

Since the passage of the act of April 6, 1830, (Purdon's Dig. 1120, Pl 4, P. L. 277), in suits brought against joint and several promissors or endorsers of promissory notes in which the writ has not been served on all the defendants, and judgment obtained against those served, such judgment shall not be a bar to recovery in another suit against those not served.  See also act 11, April, 1848, (P. L. 536), Swanzey v. Packer, 14 Wt. 441 ; Bowman v. Kistler, 9 Casey 106 ; Miller v. Reed, 3 Casey 244; Congehenour v. Suhre, 21 P. F. S. 465 ; Moore v. Hepburn, 5 Barr 399 ; Weikel v. Long, 5 P. F. S. 238.

A plaintiff may therefore proceed under the ancient form by declaration, or under the new form by statement, as he pleases.  Boaz v. Heister, 6 S. & R. 20, Per Duncan J.

We therefore think the statement filed is sufficient. If it were not it could be amended on motion.

The second point is that the surety is discharged through the negligence of the plaintiff to commence suit against the principal.

The law is well settled that when the surety desires to be released from liability it is his duty to notify the creditor in an explicit manner to proceed and collect the debt, and upon failure or neglect of the creditor, a Court of Equity will grant relief. Cope v. Smith, 8. S. & R. 110; Peter Kellars, Est. 1 Leg. Chronicle 189; Erie Bk. v. Gibson, 1 Watts 143; Johnson v. Thompson, 4 Watts 446; U. States v. Simpson, 3 Pa Rep 437; Pain v. Packard, 13 Johns. 174; King v. Baldwin 17 Johns 384; American leading cases, vol 2, 362 to 480 and notes; Commonwealth v. Wolvert, 6 Binney 292; Wetzel v. Spouseler, 6 Harris 460; U. S. v. Samuel, 4 Wash 620; Strickler v. Burkholder, 11 Wr. 476; Richard v. Commonwealth 4 Wr. 146; Shemer v. Jones, 11 Wr. 268; Pittsburg v. Shaeffer, 9 P. F. S. 350; Walleshlan v. Searles, 9 Wr. 45; Hoffman v. Bechtel, 2 P. F. S. 190; Sesson v. Barrott, 6 Barb 199; Gardner v. Ferree, 15 S. & R. 28; Conrad v. Foy, 18 P. F. S. 381.

The affidavit sets forth that the note in question fell due April 2, 1873, and that suit was not instituted until May 31, 1873, and after John Boger, the principal, left the county,.

It further avers that "*at or about*" the time of the maturity of the note Steinbach told plaintiff, that Boger the principal, had in his possession "*property and money*" sufficient to pay the note, and that unless plaintiff would instantly proceed against Boger, that he would consider himself discharged. It further avers that Steinbach was a surety of Boger, and that was known to the plaintiff.

1st. Under these circumstances did the delay of plaintiff to proceed against the surety after notice discharge him from liability?

2d. Is this notice sufficient?

As a general rule we think that a creditor, after receiving proper and explicit notice from the surety to sue the principal, should do so at the next court if there is a reasonable time intervening, and nothing to prevent, and should act promptly in obtaining judgment. He would not be required to arbitrate the case unless requested by the surety, or the circumstances of the case clearly required it. Wetzel v. Spouseler, 6 Harris 460.

After the note fell due, the next term of court was in June, 1873, and the last day for issuing writs to that term was on May 23, 1873. With promptness the plaintiff could obtain judgment in June, if there was a service and no appearance, and this would be proper dispatch in the absence of any extraordinary circumstances.

In the present case the plaintiff did not issue his writ until the 31st of May.

To discharge the surety he should show that a service could have been made upon Boyer, between the 23d and 31 of May, *and that he was injured by this delay*.   The affidavit is silent upon this point, except that it avers that during a *portion of the time* between 2d of April and 31st of May, 1873, Boger was within the jurisdiction of the court.   *What portion of the time?*   Was it a day or so in the beginning of April?   If this was the case the greatest despatch of the plaintiff *might not* reach him with a service.   Again it is not averred that Boger was in the county when and after notice was given.   If he was not in the county after notice *how is the defendant prejudiced?*

And even if he had a service, the affidavit does not state that Boger had any real estate in the county, that would be bound by a judgment. The affidavit should state all material facts clearly and with precison, not in a vague and doubtful manner.   The courts incline to scrutinize an affidavit and justly so before they discharge a surety from his legal obligation.

In Conrad v. Foy, 18 P. F. S. 385, Judge Agnew, says:  "Why should a surety, bound in a solemn bond or note in writing to pay a debt, which his credit enabled his principal to create, be discharged therefrom except upon the clearest equity?   and why should the written obligation be blown away by the uncertain breath of witnesses? A notice from a surety to the creditor to proceed against the principal or otherwise the surety will be discharged, ought in justice to be in *writing, and in the most explicit terms*.   But prior decisions have not required this, and we cannot legislate such a rule into existence.

We have a right to hold, and justice requires us to say, that nothing less than clear and positive proof of the notice given by persons duly authorized to give it, and a notice clear and explicit in its terms, *given at a time when* the creditor has it in his power to proceed to collect the debt, should discharge the surety from an undoubted legal obligation to pay the debt."   See Wolleshlan v. Searles, 9 Wr. 45.

Again this affidavit further states, that the notice was given "*at or about*" the time of the maturity of the note.

If the notice was given before the note matured, it would be in operation.   Hellen v. Crawford, 8 Wr. 105.

The notice must be given after the note matures, and the affidavit should explictedly aver that fact.   The words "*at or about the time*" may mean before its maturity, or they may mean after the maturity. They are uncertain, and therefore insufficient where the time is material.

We do not presume that the defendant can prove before a jury any more than he set out in his affidavit, (and therefore if he did not the Court would be bound to instruct the jury that unless the defendant showed that notice was given after maturity of the notice it would not avail him.)   Black v. Halstead, 3 Wr. 71.   The rule for judgment is therefore made absolute.