## Alldred's Estate (No. 2).

*Promissory notes—Indorsers—Indemnification of indorsers—Release of sureties.*

1. Where a corporation makes a demand note to its own order, and the directors of the company indorse the note, which is delivered as collateral security for the payment of another note of the company, and subsequently the directors accept the benefit of a deed of trust of all the property of the corporation executed to secure them against loss as indorsers, and it appears that the property covered by the deed of trust was amply sufficient to secure them, they become principals and cannot be relieved of their liability as indorsers by claiming any privilege incident to the contract of indorsement.

2. In such a case the consideration paid for the property covered by the deed of trust at forced sale made with a view towards reorganization, cannot be regarded as conclusive of its value, if it appears that it was purchased in the interest of the directors and stockholders, and at the reorganization made the basis of a largely increased capitalization.

3. The indorsers on a demand note made by a corporation to its own order and delivered as collateral security to an indorser upon another note of the company cannot be relieved from liability because of renewals of the second note, where there were no renewals or extensions of the note which they indorsed.

Argued Oct. 18, 1910. Appeal, No. 16, Oct. T., 1910, by Emma A. Trautman and John Alldred, Executors, from decree of O. C. Allegheny Co., Sept. T., 1906, No. 117, awarding distribution in Estate of William H. Alldred. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before HAWKINS, P. J. The opinion of the Supreme Court states the facts.

*Error assigned* was decree awarding distribution to Third National Bank.

*Wm. E. Schoyer,* of *Lyon & Hunter,* for appellant.— The taking of the deed of trust of all assets of the Tri-State Company as security did not render the indorsers of the company's paper primarily liable: Smith v. Steele's Est., 25 Vt. 427; Home National Bank v. Waterman, 134

Ill. 461; Fay v. Tower, 58 Wis. 286; Phelps v. Walkey, 84 Iowa, 120; Rouse v. Bradford Banking Co., L. R. (1894) App. Cases, 586.

*James R. Sterrett,* of *Patterson, Sterrett & Acheson,* for appellee.—William Alldred and his coindorsers, being fully secured by having all the assets of the company in their possession, or under their control, were virtually principals, and no extension of time of payment would discharge his liability: Smith v. Steele's Est., 25 Vt. 427; Brandt on Suretyship (3d ed.), sec. 383; Shrewsbury Savings Institution's App., 94 Pa. 309; Warren v. Sennett, 4 Pa. 114; Bank v. Davis, 87 Mo. App. 242; Turner v. Stewart, 51 West Va. 493.

OPINION BY MR. JUSTICE POTTER, January 3, 1911:

In this appeal the executors of the will of William H. Alldred, deceased, contend that the orphans' court erred in allowing a claim against the estate, presented by the Third National Bank, upon a promissory note indorsed by William H. Alldred. The note was dated May 11, 1904, was payable on demand, and was drawn by the Tri-State Mining & Manufacturing Company to its own order. It was indorsed by the company and by six of the directors, including William H. Alldred. Above the indorsement was written: "We do hereby waive protest on the within note and guarantee the payment of the same with interest." No question arises in this case, as to demand for payment, or notice of dishonor; nor is the regularity of the indorsement questioned.

It appears from the testimony that this note was given to Peter Keil, as collateral security, to protect him in placing his indorsement upon another note of the company for a like amount known as the Hobson note. That note was discounted at the bank, and was frequently renewed; but no change was made in the collateral note. The facts with regard to a deed of trust, which was taken by the directors to indemnify themselves as indorsers for the Tri-State Mining & Manufacturing Company, were

set forth in the decision just handed down in the appeal
by the same executors from this same decree, as to the
allowance of a claim upon two notes made by the same
company, and indorsed in the same way, given to Mrs.
E. E. Lusk. We there affirmed the decision of the orphans'
court holding that by reason of the indorsing directors
having received the benefit of the deed of trust, they were
to be regarded as principals.

It is hardly necessary here to discuss the question of
the value of the indemnity taken by the directors. Ad-
mittedly they took into their hands for their own pro-
tection all the assets of the mining company. It is stated
as a general principal in 27 Am. & Eng. Ency. of Law
(2d ed.), 507: "A surety who holds indemnity or security
from the principal is not discharged by an indulgence or
extension which otherwise would have that effect. But
if the indemnity proves to be of no value he is discharged."
The indemnity taken here was of very considerable value.
The consideration paid for the property at forced sale
made with a view towards reorganization, cannot be re-
garded as conclusive of its value; for it seems to have been
purchased in the interest of the directors and stockholders
of the company; and, after the reorganization, made the
basis of a largely increased capitalization. We find
nothing in the evidence to justify a conclusion that the
real value of the property included in the deed of trust
was not sufficient to fully indemnify the indorsers. On
the contrary, it appears from the record of the proceed-
ings in Virginia, offered in evidence, that in the bill in
equity there filed, the directors of the Tri-State Mining
& Manufacturing Company, including William H. All-
dred, averred that the sum of $115,000 had been invested
in the company's mines and plant, that the corporation
then owned in fee simple mining rights, with all timber
and mining privileges on 308 acres of land, on which
there lay large and valuable accessible mineral deposits
of the finest quality, and that the company had booked
and promised orders from which they expected to realize

at a reasonable estimate, over $100,000. The findings of a commissioner fixed the total of indebtedness to Virginia creditors, and of the debts secured by the deed of trust, at about $51,600. We are clear that the orphans' court was right in holding that the indorsers became in effect principals, and that the indemnity which they held prevented them from properly claiming the privilege which might be asserted, by a surety who was without indemnity.

The contention that Alldred, the surety in this case, was discharged from liability by reason of extensions of time given to the principal debtor, is not borne out by an examination of the evidence. The Tri-State Mining & Manufacturing Company was the maker and payee of the note in question. This note was never renewed and there is no evidence that any extension was ever given to the maker. It is payable on demand, and it does not appear that there has ever been a time since it was given when suit could not have been brought upon it against the maker. "The right to sue the principal is the test:" Brubaker v. Okeson, 36 Pa. 519. As was said in Campbell v. Floyd, 153 Pa. 84 (p. 94): "Mere forbearance, however prejudicial to the surety, will not release him: U. S. v. Simpson, 3 P. & W. 437. Nor will indulgence, accompanied by payment of interest by the debtor and a promise of punctuality in the future, have that effect, if the creditor's hands are not tied: Johnston v. Thompson, 4 Watts, 446."

It is true that the note of Hobson to the order of Keil, for which this note was held as collateral, had been renewed from time to time, but that had no effect upon the present note. Mr. Alldred, against whose estate the present claim is made, was not a party to the Hobson note, but this note was given to protect the parties to that note. We do not see that Alldred or his estate was in any way prejudiced by the renewals of the Hobson note.

The assignments of error are overruled, and the decree of the orphans' court is affirmed.