[Civ. No. 1622.   Fourth Appellate District.—March 19, 1936.]

ESTHER KELLER, Respondent, v. ARTHUR W. CLEAVER, Appellant.

Drum, Tucker, Martell & Drum for Appellant.

Joe Wapner and McFadden & Holden for Respondent.

MARKS, J.—This is a motion to dismiss appeals or affirm an order granting a new trial under the provisions of section three of rule V of the Rules for the Supreme Court and District Courts of Appeal.

The case was tried before the Honorable H. G. Ames, judge of the Superior Court of Orange County. A judgment for defendant dated April 10, 1935, was filed and recorded May 10th. On May 28th the plaintiff filed her notice of intention to move for a new trial on all statutory grounds. The motion came on for hearing before the Honorable J. O. Moncur, then sitting in Orange County. It was argued and submitted on that date. Under date of July 23, 1935, plaintiff gave notice to defendant that the court "did, on the 12th day of July, 1935, make and enter its order granting to the plaintiff a new trial". On July 31, 1935, defendant gave his notice of appeal from this order and on the same day filed a request for the transcript under the provisions of section 953a of the Code of Civil Procedure. Among the things he requested was the incorporation in the transcript of "all proceedings taken on motion for a new trial and all matters to which the same relate, also all papers and affidavits filed by either said plaintiff or said defendant above named, or used by either of said parties on the hearing of said motion for a new trial, and any opinion and any order rendered, entered or filed on or after said hearing of said motion for a new

trial, and all minute entries effecting, relating or pertaining either to said trial or the hearing on said motion for a new trial or the granting of said motion''.

By an order dated August 26th, and filed August 29, 1935, the Honorable J. O. Moncur made the following order:

''WHEREAS, a motion for a new trial was made by plaintiff in the above entitled case on or about July 11, 1935, and

''WHEREAS, the matter was duly argued by counsel for the respective parties hereto and submitted to the Court for its decision, and

''WHEREAS, the court on or about July 12th, 1935, decided the same, and

''WHEREAS, through an inadvertence a formal order on the hearing of said motion was not made or entered,'IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the following order be entered by the clerk of the above entitled court *non pro tunc* as of July 12th, 1935, to-wit:

''IT IS HEREBY ORDERED, that the motion for a new trial heretofore made by plaintiff be, and the same is hereby granted on the grounds that the evidence adduced at the trial of the cause was insufficient to justify the judgment.''

Defendant appealed from this order and requested the preparation of the record under the provisions of section 953a of the Code of Civil Procedure.

By order of this court the two appeals will be heard on a single record.

We have searched the clerk's and the reporter's transcripts, filed in the office of the clerk of this court on October 3, 1935, and can find no copy of a written or minute order granting a new trial on July 12, 1935. However, there is among the files a document designated ''Supplement of Clerk's Transcript'', filed here on January 6, 1936, which contains a certified copy of what is entitled an ''Opinion'' and which is dated and was filed on July 12, 1935, and is signed by the Honorable J. O. Moncur. There is neither a stipulation of counsel nor order of this court for a diminution of the record.

■ Where a party appeals from an order, or a purported order, he should furnish the appellate court with a duly authenticated copy of the order or purported order from which the appeal is taken. (Secs. 952 and 953a, Code Civ. Proc.; *Timmons* v. *Coonley*, 39 Cal. App. 35 [179 Pac. 429]; *Mailhes* v. *Investors Syndicate*, 220 Cal. 735 [32 Pac. (2d) 610].) ■ There has been no motion to strike the so-

called Supplement of Clerk's Transcript from the record. As this so-called "opinion" is the only action taken by the trial court in this case between July 11 and August 26, 1935, and as it was clearly specified for inclusion in the record by appellant's request for the transcript, and as it is admittedly the document under attack in the first appeal, and as appellant should furnish this court with a copy of the purported order granting a new trial, under attack in the first appeal, we will assume, without holding, and for the purpose of this proceeding only, that the so-called "opinion" is properly before us.

■ This "opinion" is vague and indefinite in its terms and its legal effect is open to grave doubts. We are entitled to all the assistance counsel for plaintiff can give us if they hope to have us conclude that it was in fact an order granting a new trial. This question should be decided on the merits after all briefs are filed and not on a motion to dismiss or affirm.

One of the counsel for plaintiff frankly conceded in his argument that the *nunc pro tunc* order filed on August 29, 1935, purporting to grant a new trial as of the date of July 12, 1935, has no legal effect for the reason that it was filed too late.

The motion is denied.

Barnard, P. J., and Jennings, J., concurred.