[Civ. No. 11511.   First Dist., Div. Two.   Aug. 8, 1941.]

JOHN E. BREZNIKAR et al., Respondents, v. T. J. TOPPER COMPANY (a Corporation) et al., Appellants.

Erwin C. Easton, Elliott Johnson and George M. Mason for Appellants.

Nichols & Richards and Clarence E. Todd for Respondents.

STURTEVANT, J.—This is an appeal from a judgment awarding the plaintiffs $4000 as damages for a malicious tort. The action was tried before the court sitting without a jury. The trial court made findings in favor of the plaintiffs and the appeal is from the judgment entered on those findings. It is the second appeal. (*Breznikar* v. *T. J. Topper Co.*, 23 Cal. App. (2d) 298 [72 Pac. (2d) 895].) In the cited case the facts showing the wrongful acts of the defendants are fully set forth and need not be repeated. As shown by said decision the first judgment was reversed and the cause was remanded to retry the issue of damages only. The defendants have brought up typewritten transcripts including by stipulation the reporter's transcript on the first trial.

In the plaintiffs' fourth amended complaint they inserted three different causes of action. The second count is based on the wrongs inflicted on them by the acts of the defendants in maintaining an action in claim and delivery against the plaintiffs. In paragraph four they alleged: ''That the business standing, credit and good will of these plaintiffs, due to said wilful and malicious acts of said defendants as aforesaid, was utterly broken up, destroyed and lost, and by reason thereof plaintiffs were compelled to go out of business, lost their stock in trade, assets and good will, all to the damage of plaintiffs in the sum of Twenty-five Thousand ($25,000) Dollars.'' After the second trial of the action the trial court made a finding as follows: ''The court finds that it is true that the business standing, credit and good will of plaintiffs due to the wilful and malicious acts of defendants T. J. Topper and T. J. Topper Company, a corporation, as alleged was utterly broken up, destroyed and lost and by reason thereof, plaintiffs have lost their stock in trade, assets and good will of their said business and have been damaged thereby in the sum of $4000.'' The defendants contend that

plaintiffs had no business standing, credit or good will. The contention was not specifically presented in the trial court. The plaintiffs' theory was that the acts of the defendants had resulted in a wrongful conversion of their equity in an established business. The business had been organized by the defendants and operated as their Oakland branch. During the same period of time the defendants had operated a similar place of business in San Francisco. In November, 1931, defendants sold the business to the plaintiffs. The plaintiffs offered evidence showing that they had built the business up. That the business had some good will is shown by the contract of sale executed by the parties when the defendants sold the property to the plaintiffs. The document recites the sale of the property " . . . together with the good will and title thereto. . . . " True it is that during the trial the plaintiffs did not offer to prove a specific value of the good will as an element of their damage. The record discloses two different valuations of the equity of the plaintiffs. By the acts of the defendants the plaintiffs were compelled to make an assignment for the benefit of their creditors. They assigned to the Oakland Credit Men's Association. By the records of that association it was shown that when it took over the property the assets amounted to $9380.74 and the liabilities were listed at $6511. The latter sum included taxes for the year 1934 which were not due on December 28, 1933, when defendants committed their alleged torts. The list also included $200, being rent for January and February, 1934, but which was not due or payable. It also included the fees of the association, $303.06. That item, of course, was not due. The total of the items not due was $587.36 which deducted from the list of liabilities above mentioned leaves $5923.64. Deducting the liabilities from the assets the equity of the plaintiffs would be $3379.10. Mr. Breznikar testified as to values showing total assets in the sum of $12,-454.60. Deducting liabilities that were due, $5923.64, the value of the plaintiffs' equity was $6530.96.

It is statutory that "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount that will compensate for all the detriment proximately caused thereby, whether it could have been antici-

pated or not." (Civil Code, section 3333.) And see 17 C. J., Damages, sections 109 and 182. In the instant case detriment suffered by the plaintiffs was the fair market value of their property less that portion thereof necessary to pay their creditors. ■ As to the fair market value of the properties of the plaintiffs Mr. Breznikar was a competent witness. (*Kirstein* v. *Bekins Van etc. Co.,* 27 Cal. App. 586, 589 [150 Pac. 999].) ■ He testified regarding the cost prices and such testimony was competent. (*Union Hollywood Water Co.* v. *City of Los Angeles,* 184 Cal. 535 [195 Pac. 55].) The defendants point to the price received for the property at public auction by Oakland Credit Men's Association and claim said price was its value. Conceding evidence of said sales price was admissible, it was not conclusive. (23 C. J., Evidence, section 1799, page 57; *In re Allred's Estate,* 229 Pa. 632 [79 Atl. 143]; *Strothers* v. *McFarland,* (Mo. App.) 94 S. W. 881.) Applying each of these rules, we think it is obvious that the defendants may not complain of the amount of the judgment. (*Keller* v. *Cleaver,* 12 Cal. App. (2d) 546 [55 Pac. (2d) 1262].)

■ The defendants also contend that the plaintiffs were at all times insolvent. That question was not an issue on trial before the court. The sole issue on trial was damages. If we understand the defendants correctly it is their contention that being insolvent there were no profits and therefore there should be no recovery. In making that contention the defendants are confusing two different propositions. The plaintiffs were not claiming loss of profits or loss of trade. They were contending that their assets, both tangible and intangible were wrongfully taken from them.

■ The defendants further contend that "This appellate court, in its previous decision on appeal, did not hold that the alleged acts of appellants were the proximate cause of any damage to respondents." We think they are mistaken. The transcript of proceedings on the first trial shows that the sequence of the acts of the defendants, of the Thayer Realty Company, the landlord, and of Oakland Credit Men's Association, were fully gone into. The decision (*Breznikar* v. *T. J. Topper Co.,* 23 Cal. App. (2d) 298 [72 Pac. (2d) 895]), shows that the proximate cause was also carefully considered. Having so considered all of the issues the action was remanded for retrial solely upon the issue of damages.

It became the duty of the trial court to follow explicitly the directions of the higher court. (1 Hayne, New Trial and Appeal 13; 3 Am. Jur. 730, ''Appeal and Error,'' sec. 1234; *Cowdery* v. *London etc. Bank,* 139 Cal. 298, 306–307 [73 Pac. 196, 96 Am. St. Rep. 115].)

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.