# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* PHILIP DICK.

<table>
<tr><td>34</td><td>663</td></tr>
<tr><td>78</td><td>173</td></tr>
<tr><td>34</td><td>663</td></tr>
<tr><td>86</td><td>35</td></tr>
<tr><td>34</td><td>663</td></tr>
<tr><td>88</td><td>237</td></tr>
<tr><td>34</td><td>663</td></tr>
<tr><td>94</td><td>283</td></tr>
<tr><td>34</td><td>663</td></tr>
<tr><td>111</td><td>152</td></tr>
<tr><td>34</td><td>663</td></tr>
<tr><td>129</td><td>504</td></tr>
<tr><td>34</td><td>663</td></tr>
<tr><td>147</td><td>714</td></tr>
</table>

ERROR IN INSTRUCTIONS MUST BE SHOWN AFFIRMATIVELY.—Where the record contains no part of the evidence, the judgment will not be reversed on account of instructions alleged to be erroneous, unless it appears that such instructions would have been erroneous under every conceivable state of facts.

INSTRUCTION AS TO EVIDENCE.—Section seventeen of Article VI of the Constitution does not prohibit the Judge from stating the evidence in his charge, and the right to state the evidence includes the right to state that there is no evidence as to particular facts.

IDEM.—But where, on the trial of D. for the murder of S., the Court charged the jury, among other things, " the first question for your decision is this : was S. ✻ ✻ ✻ murdered? In determining that question, the Court thinks you can have no hesitation whatever." *Held*, first, that this, when taken in connection with the rest of the charge, was in effect an intimation to the jury that the evidence sufficiently established that S. had been murdered, and that the only question for serious consideration of the jury was whether the defendant was the guilty party ; and, second, that this is within the prohibition of section seventeen of Article VI of the Constitution.

IDEM—PROVINCE OF JURY.—To weigh the evidence and find the facts is, in this State, the exclusive province of the jury.

DUTY OF COURT WHEN VERDICT IS INFORMAL.—Where the verdict returned by the jury is informal, it is the duty of the Court to explain to them its defects and direct them to put it in proper form.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The defendant was indicted for the murder of one S. M.

Simpson, and on the trial was convicted of murder in the first degree. The defendant moved, before sentence, for a new trial, on the ground, among others, that the Court by its instructions misdirected the jury; also, in arrest of judgment, on the ground, among others, that upon the verdict as rendered, no judgment of conviction can be lawfully rendered. The verdict of the jury was in the words following, to wit:

" STOCKTON, Oct. 12th, 1867.

" We, the jurors in the case of *The People* v. *Philip Dick,* do find a verdict against defendant Philip Dick of murder in the first degree.

" J. M. GARWOOD, Foreman."

Both motions were denied, to which defendant duly excepted, and appealed from the judgment and the orders of the Court denying said motions.

The other facts are sufficiently stated in the opinion of the Court.

*Byers & Elliott,* for Appellant.

*Jo Hamilton, Attorney General,* for the People.

By the Court, SANDERSON, J.:

In the course of its instructions to the jury, the Court below used the following language: " The defendant is charged with having murdered, in this county, on or about the 12th day of May, 1866, one S. M. Simpson. Now, the first question for your decision is this: Was S. M. Simpson, on or about the 14th day of May, 1866, in this county, murdered? In determining that question, the Court thinks, you can have no hesitation whatever."

And at another place the following: " Aside from the testimony given as to the statements of the defendant himself, as claimed to have been made by him, there is no evi-

dence whatever of any person being present at Simpson's
cabin at the time Simpson was killed, other than Simpson
and this defendant."

It is claimed on the part of the appellant, that, in using
the foregoing language, the Court below erred.

The record contains no part of the testimony, and it is
well settled that this Court will not, where such is the case,
reverse the judgment on account of instructions alleged to
be erroneous, unless it appears that such instructions would
have been erroneous under every conceivable state of facts.
(*The People* v. *Levison*, 16 Cal. 98; *The People* v. *King*, 27
Cal. 514; *The People* v. *Dick*, 32 Cal. 213.) This results
from the rule, that the party alleging error must show it
affirmatively. In view of this rule, we cannot say that the
Court erred in telling the jury, that, aside from the evidence
as to statements made by the defendant himself, there was
no evidence before them that any person, other than Simp-
son and the defendant, was at Simpson's cabin at the time
the supposed homicide was committed. As we held in
*King's Case*, the seventeenth section of Article VI of the
Constitution does not prohibit the Judge from stating the
evidence in his charge; and the right to state the evidence
includes the right to state that there is no evidence as to
particular facts. (27 Cal. 513.) Hence, to so state may or
may not be error, and whether it is or not, can be deter-
mined only upon an inspection of the testimony. When
the appellant relies upon such a statement as error, he must
bring up so much of the evidence as he claims proves or
tends to prove the fact or facts in question, otherwise we
must presume in favor of the action of the Judge.

We are of the opinion, however, that the other portion of
the charge noted is within the clause of the Constitution
which prohibits Judges from charging juries upon matters
of fact, (Art. VI, Sec. 17,) and are unable to conceive of any
state of facts under which, in view of that restriction, a
Judge can be allowed to address such language to a jury.

84

It is manifest from the passage referred to, taken in connection with the rest of the charge, that the jury must have understood the Judge to intimate that, in his opinion, the evidence was sufficient to justify them in finding the crime of murder to have been committed by somebody, and that the only question for serious consideration was, whether the defendant was the guilty party. This, we think, was error, and one or two other passages of a somewhat similar character are also objectionable.

Whether wisely or not, the Constitution has abrogated the rule of common law by which Judges were allowed to express their opinions as to the facts in issue, or as to the weight of evidence.

To weigh the evidence and find the facts is, in this State, the exclusive province of the jury, and with the performance of that duty the Judge cannot interfere without a palpable violation of the organic law.

Whether the verdict was a nullity, it is unnecessary to say. It was certainly informal, and the Court ought to have explained its defects to the jury and directed them to put it in proper form.

Judgment reversed and new trial granted.