[No. 10,566.—Department Two.]

## PEOPLE v. LEONARD P. SMITH.

INSTRUCTION—APPEAL—ERROR.—On appeal, an instruction will not be held erroneous unless it be erroneous under every conceivable state of facts possible under the record. *Held,* accordingly, that where an instruction was refused, and the record did not contain evidence to which the instruction was applicable, that the instruction will be deemed to have been abstract, and properly refused.

ID.—INSANITY.—On a criminal trial, where insanity is relied on as defense, it is proper to refuse to instruct the jury, that, if the defendant was insane a short time before the commission of the act, the presumption is, that he was insane when he committed it.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of the County of Del Norte. MURPHY, J.

*L. F. Cooper,* for Appellant.

The last portion of the instruction should have been given as a proper sequence to the first portion which was given. (*Regina* v. *Layton,* 4 Cox C. C. 199.)

*A. L. Hart,* Attorney-General, for Respondent.

The presumption of the continuance of insanity is one of fact, which arises only when the disorder is shown to be of permanent character. (Wharton's Crim. Ev. 8th ed. § 730; *Com.* v. *Pomeroy,* 117 Mass. 140.)

THORNTON, J.:

The defendant was, by information, accused of murder, and on the trial, the jury found him guilty of murder in the second degree. The defendant moved for a new trial, which was denied, and the Court pronounced sentence that the defendant be punished by confinement in the State prison for the term of ten years. The defendant appealed from the order denying a new trial, and from the judgment.

The only error assigned in this Court arises in the refusal of the Court to instruct the jury.

The counsel for defendant asked that the jury be directed as follows:

" If you find from the evidence, that, at the time the prisoner committed the act charged, his mind was so far disordered or diseased that he was incapable of distinguishing good from evil, right from wrong, he was irresponsible, and should be acquitted.

" *Further, if the person was in this condition a short time before the commission of the act, the presumption is, that he was insane when he committed it.*"

The Court gave the instruction as requested, except the portion italicized. To the refusal to give this portion, an exception was reserved by the defendant.

There is no part of the testimony in the transcript, and when such is the case, it is well settled that this Court will not reverse the judgment on account of instructions alleged to be erroneous, " unless it appears that such instructions would have been erroneous under every conceivable state of facts." (*People* v. *Dick,* 34 Cal. 663; *People* v. *Levison,* 16 id. 98; *People* v. *King,* 27 id. 514; *People* v. *Dick,* 32 id. 213.) For aught that we can see, the portion of the instruction refused may have

been entirely abstract; that is, without any evidence on which to base it.   Such a direction might have led the minds of the jury away from the true issue before them for trial.   (See also *People* v. *Donahue*, 45 Cal. 321; *People* v. *Strong*, 46 id. 304.)

Further, it would have been error in the Court to have given the portion of the instruction refused.   (*People* v. *Francis*, 38 Cal. 188, 189.)

Judgment and order affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.