JOHN A. BOGGAN v. CALVIN HORNE.

*Evidence—Judge's  Charge.*

1. Where the question in issue is the value of a horse, the plaintiff may testify what he gave for the horse, as the actual purchase at the price is an act done in pursuance of an opinion, and gives greater force to it.

2. Where a book containing entries not in the plaintiff's handwriting is offered by the defendant, the evidence is competent when the defendant testifies that the entries were made by persons from whom he got the merchandise, under instructions from the plaintiff, and when he further testifies that the book contains everything he got from the plaintiff.

3. Where any part of the Judge's charge is excepted to, the exception should point out specifically wherein the error consists.

(*McPeters* v. *Ray*, 85 N. C., 462; *Bost* v. *Bost*, 87 N. C., 477; cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* and a jury, at Spring Term, 1885, of ANSON Superior Court.

There was a judgment for the defendant and the plaintiff appealed.

*Mr. A. W. Haywood,* for the plaintiff.
*Mr. John D. Shaw,* for the defendant.

SMITH, C. J.   This action is to recover possession of a bale· of cotton, a horse, and a wagon, claimed under a chattel mortgage made by the defendant to the plaintiff, in January, 1882, to secure a note of $75, due on the 1st day of October thereafter.   The property is described in the deed as a "one-horse wagon, one gray horse, and all my crops of every kind, raised by me during the year 1882," of which the bale claimed formed a part.   Under the auxiliary process of claim and delivery, provided in *The Code,* §331 and following, the articles were seized by the sheriff and delivered to the plaintiff, who sold them and appropriated the proceeds to his own use.

It is unnecessary to advert to the pleadings, further than to say that the defendant alleged that he had paid the secured debt and discharged the mortgage.   The jury upon issues submitted to them say:   (1) That the plaintiff is not entitled to any of the goods seized; (2) that the defendant·

did not wrongfully detain them; and (3), that the value of the cotton is $42.50, of the horse $25, of the wagon $22.50; and that, (4), the compromise and settlement set out in the complaint, as entered into since the commencement of the action, was not made.

Upon the trial the plaintiff took two exceptions to evidence offered and admitted against his objection.

1 Ex. The defendant in his testimony said: "The horse was worth about $75," and that he "gave that for him." The exception is to the latter part of the statement.

If authority were necessary, our own ruling upon the competency of such evidence in the case of *McPeters* v. *Ray*, 85 N. C., 462, disposes of the question, and we may consider that as an estimate of value, and not an opinion expressed. The actual purchase at the price is an act done in pursuance of an opinion and imparts greater force to it. In *Small* v. *Pool*, 8 Ired., 47, it was held competent to prove what the plaintiff gave, and what he sold an alleged unsound slave for, in estimating damages in an action of deceit.

2. In the course of the defendant's examination on his own behalf, a book was produced and identified as belonging to the defendant, (who could not read), in which were entered advances made to the defendant, some of them in the plaintiff's own handwriting. The items in the book were read, the plaintiff objecting to any of them going to the jury not written down by himself. This was during the examination of the defendant, a witness for himself, and he testified that he "kept this book for the law. Some things plaintiff put down on it himself. As to the others, plaintiff gave defendant orders, and told him to tell the clerk to put the things down when defendant got them, *and the clerk did put them down when the defendant got them, and this book contains all that defendant got.*"

Again he repeats, "this book contains everything defendant got from plaintiff," reiterating the manner in which the

entries were made by merchants who filled the orders. Certainly this meets the objection, for the *fact* of the receiving these advances by the defendant. and that they are all that were made by the plaintiff, of which the entries were *memoranda* to preserve their accuracy, is sworn to and proved independently; such evidence is clearly proper, and the exception to the ruling untenable.

The error assigned in the motion for a new trial " in instructions to the jury " is in terms too vague to be entertained. The assignment should specifically point out wherein the erroneous charge consists; and this rule of practice has been often asserted and its observance required. *Bost* v. *Bost,* 87 N. C., 477.

There is no error and the judgment must be affirmed.

No error.                                          Affirmed.