[No. 11953. Department Two. — May 20, 1889.]

## J. W. ANGELL, RESPONDENT, v. PETER HOPKINS, APPELLANT.

DEMURRER FOR MISJOINDER OF CAUSES OF ACTION — IMMATERIAL ERROR. — Error in overruling a demurrer for misjoinder of causes of action is immaterial if no injury resulted therefrom. Instance.

CONVERSION — MEASURE OF DAMAGES — VALUE OF PROPERTY — EVIDENCE OF ITS COST. — In determining what was the value of the property at the time of the conversion, evidence is admissible of the cost of the property, — not as showing the value conclusively, but as a circumstance to aid in arriving at the value at the time in question.

ATTACHMENT — SEIZURE OF PROPERTY NOT BELONGING TO THE DEBTOR. — ESTOPPEL. — That an attaching creditor had reason to believe that the property was the property of his debtor does not justify the sheriff in seizing such property, and is no defense to an action by the owner for a conversion.

APPEAL for an order of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover the possession, or its value in case a delivery could not be had, of certain personal property. The amended complaint, after alleging

facts showing a conversion of the property by the defendant, in the same count averred that at the time of the unlawful taking, the defendant damaged other property of the plaintiff in a specified sum, and that by reason of the unlawful detention of the property, he had been and would continue to be damaged in a specified amount per day. The prayer of the complaint was for the possession of the property, or its value in case a delivery could not be had, for damages for the injury done to the plaintiff's other property, and for damages for the detention. The defendant demurred on the ground of misjoinder of causes of action, and his demurrer was overruled. He then answered, and attempted to justify the taking, as sheriff, by virtue of a writ of attachment against one A. G. Spencer. Judgment was rendered in favor of the plaintiff for the possession of the property sued for, or for its value in case a delivery could not be had. From the judgment, and from an order refusing a new trial, the defendant appealed. The further facts are stated in the opinion.

*John H. Dickinson*, for Appellant.

*Gray & Haven*, for Respondent.

HAYNE, C.— Action for the conversion of personal property. Judgment for plaintiff. Defendant appeals. Several points are made.

1. It is said that the demurrer for misjoinder of causes of action should have been sustained. But assuming, for the purposes of the case, that this is so, no injury resulted to the appellant, for the reason that the findings show that the value of the property was the only basis for the judgment given. Error in overruling a demurrer for misjoinder of causes of action is immaterial, if it does not affect the substantial rights of the parties. (*Reynolds* v. *Lincoln*, 71 Cal. 185.)

2. It is contended that there was error in admitting

evidence as to what the property cost the plaintiff. It is quite true that the measure of damages is the value of the property at the time of the conversion, with certain additions in certain cases. (Civ. Code, sec. 3336.) But in arriving at such value, it was proper to take into consideration what the property cost as a circumstance, to aid at arriving at its value at the time in question. (*Luse* v. *Jones*, 39 N. J. L. 708; *Jones* v. *Morgan*, 90 N. Y. 10; 43 Am. Rep. 131; *Norton* v. *Willis*, 73 Me. 580; *Small* v. *Pool*, 8 Ired. 47; *Boggan* v. *Horne*, 97 N. C. 268; *Rawson* v. *Prior*, 57 Vt. 615; *Ford* v. *Smith*, 27 Wis. 567; *Roberts* v. *Dunn*, 71 Ill. 50.)

3. The circumstances claimed to show that the attaching creditor had reason to believe that the property belonged to his debtor instead of the plaintiff, do not estop the plaintiff from showing that he was the owner.

The other matters do not require special notice. We therefore advise that the judgment and order appealed from be affirmed.

We concur.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.