[No. 15251.    Department Two.—June 5, 1894.]

ALFRED GREENEBAUM ET AL., RESPONDENTS, v. JOSEPH W. TAYLOR, APPELLANT.

PLEADING—UNCERTAINTY OF DESCRIPTION—CONJUNCTIVE DEMURRER.—A demurrer to a complaint upon the ground that it is ambiguous, unintelligible, and uncertain, for the reason that it does not contain a sufficient description of the property sued for, if in fact the complaint is not ambiguous nor unintelligible, does not raise the question of uncertainty as to the description.

CONVERSION OF SALOON FIXTURES—RIGHTS OF OWNER OF BUILDING IMMATERIAL.—In an action for the conversion of bar fixtures put into the plaintiff's saloon on premises owned by a third person, and appropriated and converted by the defendant, the question whether, as between the owner of the building and the proprietor of the saloon, the fixtures could have been removed by the latter, does not arise.

ID.—PROOF OF CONVERSION—DEMAND AND REFUSAL.—Where the defendant removed part of the fixtures, detached other parts, and removed them from their position in the saloon against the wishes of the proprietor of the saloon, and refused to deliver them upon demand or to pay for them, his action constituted a conversion of the property.

ID.—EVIDENCE OF VALUE—COST OF PROPERTY.—Upon the issue as to the value of the property it is proper to consider its cost as a circumstance tending to show value, and evidence of such cost is admissible.

ID.—INADMISSIBLE EVIDENCE—VALUE OF REMOVED FIXTURES—USE.—It is not error to exclude evidence of the value of the fixtures when removed from their position, and considered without reference to the uses for which they were intended.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellant.

The specification in the complaint of "saloon fixtures" is not a sufficient description of the property, and the demurrer should have been sustained. (Chitty on Pleadings, 15th Am. ed., 828, 835; *Kelly* v. *Murphy,* 70 Cal. 562. See Bouvier's Law Dictionary under "Trover"; Boone's Code Pleading, sec. 136; *Campbell* v. *Jones,* 38 Cal. 510; *Guthrie* v. *Jones,* 108 Mass. 192.) The cost of the articles is not evidence of their value. (See *Angell* v. *Hopkins,* 79 Cal. 183; *Jones* v. *Morgan,* 90 N. Y. 4; 43 Am. Rep. 131 *Norton* v. *Willis,* 73 Me. 580; *Douglass* v. *Kraft,* 9 Cal. 562; *Cox* v. *McLaughlin,* 76 Cal. 70; 9 Am. St. Rep. 164.) The fixtures were put up without an agreement to remove them, and screwed and nailed to a building not owned by any of the parties, and no right to remove them was shown, and they were a part of the realty. (Civ. Code, sec. 1013. See *Merritt* v. *Judd,* 14 Cal. 59; *Marks* v. *Ryan,* 63 Cal. 111; *Lavenson* v. *Standard Soap Co.,* 80 Cal. 245; 13 Am. St. Rep. 147; *McKiernan* v. *Hesse,* 51 Cal. 596.) There can be no conversion of fixtures until their removal from the freehold; as long as they remain annexed to the freehold trover does not lie. (*McNally* v. *Connolly,* 70 Cal. 3; *Woodruff etc. Iron Works* v. *Adams,* 37 Conn. 233; 6 Wait's Actions and Defenses, 161, 162.)

*Henry N. Clement,* for Respondents.

The demurrer to the complaint, on the grounds of ambiguity, unintelligibility, and uncertainty, was not well taken, as the complaint must have been defective in each and all of these distinct respects in order to warrant the sustaining of the demurrer. (*Kraner* v. *Halsey,* 82 Cal. 209; *White* v. *Allatt,* 87 Cal. 245; *Wilhoit* v. *Cun-*

*ningham*, 87 Cal. 453.) The cost of the fixtures was proper evidence of their value. (*Angell* v. *Hopkins*, 79 Cal. 183; *Jones* v. *Morgan*, 90 N. Y. 4; 43 Am. Rep. 131; *Mortimer* v. *Marder*, 93 Cal. 177.) The fixtures were not affixed to the realty and even if they were the question as to whether or not the plaintiffs had a right to remove them cannot be raised in this action, the landlord not being a party thereto. (*March* v. *McKoy*, 56 Cal. 85; *Hendy* v. *Dinkerhoff*, 57 Cal. 7; 40 Am. Rep. 107; Civ. Code, secs. 660, 1013, 1019.) It is not necessary that the fixtures should have been taken away from the building in order to constitute conversion. The cases cited by the counsel for appellant support this proposition, and show that trover was the proper remedy. (*McNally* v. *Connolly*, 70 Cal. 3; *Hitchcock* v. *McElrath*, 72 Cal. 565; 6 Wait's Actions and Defenses, 163, 167; *Rider* v. *Edgar*, 54 Cal. 127.)

McFARLAND, J.—This is an action to recover the value of certain personal property alleged to have been converted by defendants. The verdict was for plaintiffs in the sum of four hundred and seventy-five dollars, for which sum they had judgment. Defendant appeals from the judgment, and from an order denying a new trial.

The demurrer to the complaint was properly overruled. It was upon the ground that the complaint " is ambiguous, unintelligible, *and* uncertain," for the reason that it does not contain a sufficient description of the property sued for. It is clearly not ambiguous or unintelligible; therefore, if it were uncertain as to description, the demurrer did not reach it. (*Kraner* v. *Halsey*, 82 Cal. 209; *White* v. *Allatt*, 87 Cal. 245.) We think, however, that the description is sufficient.

The property in suit consisted of " bar fixtures" put by respondents into a saloon on premises owned by a third party, and appropriated and converted by appellant; and whether, as between the owner of the building and respondents, they could have been removed by

the latter, is a question which does not arise here. Appellant removed part of the property, detached other parts of it and removed them from their position in the saloon against respondents' wishes, and refused to deliver them to respondents or pay for them. This was a conversion. There was sufficient proof of a demand. We see no error committed by the court in ruling upon the admissibility of evidence on the issue of the value of the property. It was proper to consider the cost of the property as a circumstance tending to show value. (*Angell* v. *Hopkins*, 79 Cal. 181.) And it was no error to exclude evidence of the value of the fixtures when removed from their position, and considered without reference to the uses for which they were intended. We see no error in that part of the charge to the jury to which appellant excepted. There is no reason to think that the amount of the verdict is excessive. The question whether an attorney's fee for trying the case could be allowed does not arise. There are no other points which need to be noticed. We see nothing in the record that would warrant a reversal.

Judgment and order affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.