[Sac. No. 1164.   Department Two.—September 13, 1905.]

FRED QUINT, Respondent, v. DENNIS S. DIMOND et al., Appellants.

NEGLIGENCE — DAMAGE BY FIRE — SPARKS FROM ENGINE — EVIDENCE— DECLARATIONS NOT PART OF RES GESTÆ.—In an action to recover for damage to plaintiff's wheat crop by fire caused by sparks from a traction engine used with a combined harvester on adjoining land, evidence is not admissible to prove declarations by defendant's foreman, who operated the engine, made the day after the fire, that he would not take it back into the field unless it was fixed so as not to throw sparks. Such statement was not part of the *res gestæ.*

ID.—EVIDENCE—SMOKESTACK AND SCREENS—ERROR IN INSTRUCTION.— Where the defendant to show that the fire was not caused from

sparks introduced the smokestack in evidence and one of three screens, which were exhibited to the jury, it was prejudicial error to instruct the jury that certain screens exhibited to the jury were not admitted in evidence and could not be considered.

ID.—INCONSISTENT INSTRUCTIONS. — It was prejudicial error, after giving correct instructions as to the non-liability of the defendants if they used due care in the construction and management of the engine, and were not otherwise negligent, to give an instruction conflicting therewith, that if the fire started from the engine, they should find that the engine was not properly or carefully operated.

ID.—ARGUMENTATIVE INSTRUCTIONS—PROVINCE OF JURY.—It was error for the court to give argumentative instructions for the plaintiff dealing with questions of evidence and facts entirely within the province of the jury.

ID.—EVIDENCE—MARKET VALUE OF WHEAT DESTROYED.—In such action it was proper to permit the plaintiff to prove, on the question of damages for loss of a nearly matured wheat crop by fire, the market value of wheat in the nearest market at the time of the fire.

APPEAL from a judgment of the Superior Court of Glenn County and from an order denying a new trial. Oval Pirkey, Judge.

The facts are stated in the opinion of the court.

C. W. Lynch, F. G. Drury, Lynch & Drury, and W. M. Finch, for Appellants.

Frank Freeman, and Charles L. Donohoe, for Respondent.

McFARLAND, J.—This is an action to recover damages for the burning and destruction of certain wheat and fences growing and being on land of plaintiff. At the time of the fire which destroyed plaintiff's said property defendants were operating a combined harvester propelled by a traction engine on land of one Jenkins adjoining that of plaintiff; and it is averred that a fire was caused on this adjoining land by sparks from said engine; that this fire, in spite of all efforts to suppress it, spread onto plaintiff's land and destroyed his said wheat and fences; and that the fire was caused by the imperfect construction of the engine, and its careless management by defendants. The verdict and judgment were for plaintiff, and defendants appeal from the judgment and from an order denying their motion for a new trial.

There was no direct evidence that the fire was started by
sparks from the defendants' engine. It was first discovered
at a point where the engine had been about fifteen or twenty
minutes before the discovery, and at that time the engine was·
about a quarter of a mile away from the place of the fire.
It is argued by respondent that there was evidence of certain
circumstances and conditions which warranted the jury in
inferring that the fire was caused by the engine. Defendants
contend that this evidence was insufficient to warrant this
inference, and that the jury, if they had been left to exercise
their own judgment, would probably have reached a different
conclusion; and they particularly contend that the instruc-
tions of the court deal mainly with questions of evidence and
facts,—that they told the jury what weight they should and
should not give to certain evidence, and what inferences of
fact they should draw therefrom; that they constituted an
argument in favor of plaintiff, and were plainly violative of
the constitutional provision that ''judges shall not charge
juries with respect to matters of fact.'' Before discussing
this general contention we will notice two or three particular
rulings which, in our opinion, were erroneous and so preju-
dicial to defendants as to call for a reversal of the judgment
and order appealed from.

There were two main questions in the case: 1. Was there
evidence sufficient to show that the fire was actually caused
by defendants' engine? and 2. If it was so caused, was it the
result of defendants' want of due care in its construction
and management? The fire occurred about two o'clock on
the afternoon of June 20, 1900; and plaintiff's witness Bruess
was permitted, over the objection and exception of defend-
ants, to testify that on the next day he heard defendants'
foreman, Laurensen, say: ''I will never take the engine back
into the field unless she is fixed so that she will not throw
sparks.'' This was clearly erroneous. The statement of the
foreman made the next day was no part of the *res gestæ,* and
was not properly admissible upon any conceivable ground.
(See *Luman* v. *Golden Ancient etc. Min. Co.,* 140 Cal., com-
mencing at page 709, [74 Pac. 307], and cases there cited.)
It was averred in the complaint that the fire was caused ''by
sparks and fire thrown out and permitted to escape from and
by the aforesaid described traction engine,'' and that they

were "thrown out and escaped as aforesaid therefrom by the defective construction of said engine"; and this unauthorized declaration of Laurensen went directly to establish these averments.

The main contention of plaintiff was, that the fire was caused by sparks from the smokestack of the engine, which, as is claimed, was not properly guarded by screens, etc., to prevent sparks and fire from the engine flying out in the field. The smokestack itself was offered and received in evidence; and as tending to show that it was properly guarded by an arrester of sparks the defendants brought into court and exhibited to the jury three screens by which they claimed the smokestack had been surrounded so as to prevent the escape of sparks. These screens remained a long time in the presence of the jury. One of them was formally introduced and admitted in evidence. Another was formally offered in evidence, but an objection to it by plaintiff was sustained on the ground that the witness testifying to it could not fully identify it as one actually used on the smokestack, although he said that it was similar in character; and although defendants excepted to this ruling, they do not make it a point in their briefs. As to the third screen, while it remained before the jury for inspection, it does not appear that it was formally offered in evidence or that any ruling was made as to its admissibility. Under these circumstances the court gave the following instruction, to which defendants excepted, and which they contend was erroneous: "In the course of the trial of this case certain screens were brought into court and placed before the jury and remained there, subject to more or less inspection on the part of the jury. These screens were presented on the part of the defendants as part of their case, but on objection on the part of plaintiff they were by the court excluded from being considered as evidence in this case, and the jury are therefore instructed that in considering the verdict in this case they must not take into consideration said screens as presented to you at all, as the same were not admitted in evidence; and no impression received by the jury from said inspection must be considered in this case, as the same have nothing to do with the evidence admitted here whatever." This instruction was, in our opinion, erroneous and prejudicial. Certainly it was proper and highly im-

portant for defendants to show, if they could, that the smoke-
stack was properly protected by spark-arresters, and it is
difficult to conceive of evidence more pertinent to that end
than the means, the appliances, the screens, by which it was
claimed the purpose of arresting the sparks was accomplished.
And even if we do not consider the screen which was subject
to the inspection of the jury without objection or ruling, and
the other one which was excluded upon objection, certainly
the one which was formally introduced and admitted was a
proper matter for the consideration of the jury. And it is
no answer to say that the instruction must be held to apply
only to the two which were not formally admitted in evi-
dence. The instruction clearly included all the screens. Its
language is, "certain screens were brought into court and
placed before the jury and remained there subject to more or
less inspection on the part of the jury," and it clearly re-
ferred to all the screens which were brought into court, etc.,
and the statement that they were all excluded as evidence
was incorrect.

The court, in general terms, correctly instructed the jury
that although they should find that the fire was caused by
sparks from defendants' engine, still defendants were not
liable if they had used due care in its construction and man-
agement; and that "If this jury finds from the evidence that
the defendants used ordinary skill in procuring, and did pro-
cure for the engine in question, a good and safe spark-catcher
and arrester, and such as were at the time of the accident
most in use, and approved by experienced mechanics, they,
said defendants, would not be required to use any other or
greater care or skill in respect to the spark-catcher or ar-
rester used by them; and if the jury find that the defendants
were not guilty of negligence in any other particular, plain-
tiff cannot recover and your verdict must be for defendants."
But on this subject the court also instructed the jury as fol-
lows: "If from the evidence you shall find that a traction
engine properly constructed and fitted with the proper spark-
arrester or means of preventing the escape of sparks would
not throw sparks which will start fires when the said engine
is otherwise properly operated, and you shall further find
that the fire by which the property of the plaintiff was de-
stroyed was set by the said traction engine of defendants,

then and in that case you should find that the said engine at that time was not properly operated and that ordinary care was not exercised in its operation.'' This instruction is clearly inconsistent with the other instructions on the subject of defendants' negligence, and is erroneous and prejudicial. Although the jury had been told in various forms that the defendants were not liable if they had used due care and diligence in managing the engine and preventing sparks from escaping from it to the ground, still they are told by this last instruction that if sparks did escape and caused the the fire they were absolutely liable, notwithstanding they had not been guilty of any negligence whatever, and that the fact that the fire was caused by their engine was conclusive proof that they had been negligent. It, substantially, took away from the jury all consideration of defendants' carelessness; and it made all the other instructions on the subject of care or negligence absolutely meaningless and of no consequence.

For the errors above noticed there must be a reversal.

We think, also, that defendants' contention that the charge was erroneous because argumentative and dealing with questions of evidence and facts entirely within the province of the jury must be sustained. The charge consisted entirely of written instructions presented by the parties and given at their request. If the matters contained in those given at the request of plaintiff had been argued by his counsel to the jury—as they no doubt were argued—they would have constituted legitimate argument by counsel, and they might have been answered—as no doubt they were answered—by counsel for defendants as best they could. These arguments of respective counsel, pointing out the weight which they thought should be given to certain evidence, no doubt assisted the jury in coming to a conclusion,—the jury, however, knowing that they were merely the arguments of interested counsel, not binding on them, and to be considered, contrasted, and weighed by the jury and given the significance and force to which the jury considered them entitled. But when the arguments of either side as to questions of fact are injected into the charge of the court, there is no answer to them, and the jury naturally take them as conclusive. And we think that in the case at bar the instructions given at plaintiff's request

consisted mainly of argument in favor of plaintiff upon
questions of fact. To show this characteristic of these in-
structions it is not necessary to quote all of them here; it
will be sufficient to quote a part of instruction No. 2. And
to explain this part of the instruction it is necessary to state
two or three items of evidence. There was no evidence that
the engine had ever before set fire to grain or anything upon
the ground; but there was evidence that light sycamore wood
had been used in generating steam, and there was a conflict
of testimony as to whether or not that kind of wood was more
likely than hard wood to emit dangerous sparks. There was
also, as a part of the harvester, an appliance called a "dog-
house." This was made of canvas and was near the smoke-
stack, and was used as a "header-draper." Chaff sometimes
collected on this dog-house, and it was shown that upon one
or two occasions there had been a small fire either in the
chaff or the canvas which was easily extinguished. Of course,
there were also the "general conditions of the property and
surrounding circumstances" consisting of the facts that an
engine propelled by steam generated by fire was being oper-
ated in a grain-field. The foregoing facts were specially
called to the attention of the jury by the instructions; and
the part of instruction No. 2 above referred to is as follows:
"In this connection you are instructed that the plaintiff is
not bound to prove with absolute certainty that the fire was
caused by a spark or sparks escaping from the said traction
engine of defendants, the plaintiff is only bound to prove by
a preponderance of the evidence of that fact, and prove to
the effect that immediately before the breaking out of the
fire the said traction engine of the defendants burning light
wood for the purpose of generating steam, was in operation
by and immediately in close proximity to the place where the
fire broke out, and that said traction engine had on previous
occasions set fire to the dog-house thereof by sparks escaping
therefrom, and the said traction engine was so operated with
relation to the place where the fire started, that a spark or
sparks escaping therefrom could have set fire, and the condi-
tion of the property and surrounding circumstances being
such as to warrant a belief on your part that the fire was
more likely brought about by another cause, would be such
reasonable evidence, and would *prima facie* establish that

the fire had been caused by the said traction engine, and would warrant a finding upon your part to that effect, in the absence of evidence that the fire arose from some other cause.'' We do not see in this instruction any proposition of law, nor anything other than an instruction that the jury should draw certain inferences from certain evidence and facts. It was, substantially, an argument to the jury in favor of plaintiff upon questions of fact. Indeed, the latter part of it appears to tell the jury that although they may believe that the fire was ''more likely brought about by another cause,'' still the facts thereinbefore referred to would *prima facie* establish that the fire had been caused by the said traction engine; and although plaintiff argues that apparently there was a word missing from the instruction, still the language is at best confusing and misleading. Whether or not it would be wiser to allow judges to instruct juries as to matters of evidence and fact and thus influence their verdicts as to such matters—as is permitted in some jurisdictions—is not a question to be here considered. Our constitution expressly prohibits it. ''To tell the jury what weight to give or not to any particular evidence is to express an opinion upon a matter of fact'' (*People* v. *O'Brien*, 96 Cal. 181, [31 Pac. 45]`) ; ''to weigh the evidence and find the facts is, in this state, the exclusive province of the jury, and with the performance of this duty the judge cannot interfere without a palpable violation of the organic law'' (*People* v. *Dick*, 34 Cal. 663) ; and ''the court has no right to dictate, or suggest, the process of reasoning by which the evidence shall be judged.'' (*Estate of Carpenter*, 94 Cal. 417, [29 Pac. 1101]. See, also, *Kauffman* v. *Maier*, 94 Cal. 282, [29 Pac. 481] ; *Estate of Blake*, 136 Cal. 306, [89 Am. St. Rep. 135, 68 Pac. 827] ; *McNeil* v. *Barney*, 51 Cal. 602; *People* v. *Fong Ching*, 78 Cal. 169, [20 Pac. 396].) The language of the instruction above quoted, and other parts of the instructions, are clearly erroneous within the law as declared in the cases above cited. In *Liverpool etc. Ins. Co.* v. *Southern Pacific Co.*, 125 Cal. 434, [58 Pac. 55], cited by appellant, the only part of the instruction there considered that was directly condoned was that which told the jury that if ''you find it ·more probable that the fire was caused by sparks escaping from the swing engine than from any other cause, your finding on that point,

to wit, the origin of the fire, should be accordingly." But this does not by any means cover all that was said in the instructions in the case at bar.

We do not think that on the question of the amount of damages it was error to allow plaintiff to prove the market value of wheat in the nearest market at the time of the fire. It was some evidence tending to show value. The wheat, if it had not been burned, would have been ready for market in a very short time, and if the market had fallen before that time such fact could have been shown by defendants.

The judgment and order appealed from are reversed.

Lorigan, J., concurred.

Henshaw, J., concurred in the judgment.