[Civ. No. 1408. Second Appellate District.—February 14, 1914.]

## CHARLES A. MEYER, Appellant, v. JAMES W. McALLISTER, Respondent.

SALE—BREACH BY BUYER—RESALE OF PROPERTY—DAMAGES.—Where a purchaser of machinery refuses to accept it when shipped to him, and the seller thereupon resells it at public sale without notice to the original buyer, the amount received at the sale is not conclusive evidence of value by which to measure the damages for which such buyer is liable.

ID.—MEASURE OF DAMAGES TO SELLER—CODE PROVISION.—The detriment caused to the seller by the buyer's breach of his agreement in such case is to be measured by subdivision 2 of section 3311 of the Civil Code, and consists in the excess, if any, of the amount due from the buyer under the contract over the value to the seller.

ID.—VALUE OF PROPERTY TO SELLER—EVIDENCE OF MARKET VALUE.—Where the seller in his action for damages for the breach of the contract, proves the resale of the property for a certain amount, on the theory that the value to him was the price obtained at a sale fairly made in the market at the place of delivery, the buyer may introduce evidence that such market value was double the amount realized from such sale.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, for Appellant.

Randall & Bartlett, for Respondent.

CONREY, P. J.—In this action plaintiff seeks to recover damages in the sum of $1,345 incurred by defendant's breach of a contract made with plaintiff's assignor, wherein the defendant agreed to purchase from the vendor certain machinery at the agreed price of $2,145. Judgment was awarded in the sum of $429, and the plaintiff appeals from the judgment, as well as from an order denying his motion for a new trial.

As both parties assume, in accordance with the record, that there was a contract and that there was a breach thereof by the defendant, the only questions presented on appeal relate to the plaintiff's claim that the evidence is insufficient to sustain the finding limiting plaintiff's damages to the amount named in said judgment; and incidentally to the claim that the court erred in receiving certain evidence offered by the defendant concerning the value of the property described in the contract.

After the vendor had, as required by the terms of the contract, shipped the machinery to Chino, California, and the defendant had further confirmed his refusal to accept the same, the vendor made some efforts to sell the property at and in the vicinity of Chino and finally, at a time within two months after the shipment had been made, sold said property publicly for eight hundred dollars, which was the highest and best bid made at that time. The representative of the vendor who made the sale testified to his efforts with respect to making a sale and that he could not get any higher bid.

The sale was made without actual notice thereof to the defendant. Therefore, the amount received at the sale is not conclusive evidence of value by which to measure the damages for which the defendant is liable. For the same reason (and also because title had not passed from the vendor), the first subdivision of section 3311 of the Civil Code is not applicable to the case. The detriment caused to the vendor by the defendant's breach of his agreement is to be measured by subdivision 2 of said section 3311, and in the present case consists in the excess, if any, of the amount due from the buyer under the contract over the value to the seller. (See, also, Civ. Code, sec. 3353.) In offering the above mentioned evidence the plaintiff was seeking to prove "the value to the seller," and was proceeding upon the theory that the value

to the seller was the price obtained at a sale fairly made in the market at Chino. This would be evidence of the market value taken as equivalent to the value of the property to the seller. In response to the evidence thus produced, the defendant offered the testimony of a witness familiar with machinery of the kind in question and with the sale or market value thereof, who testified that the value of the machinery uninstalled at Chino, as described to him and set forth in the contract, was between one thousand seven hundred dollars and one thousand eight hundred dollars. The testimony of this witness, especially on cross-examination, shows that he was speaking of market value, or the price at which such property was being sold and reasonably could be sold. "The value in the market up there of the engine would be somewhere in the neighborhood of $1,400. The pump was worth somewhere in the neighborhood of $300 or $400." Objection was made to this testimony on the general grounds, and particularly that the witness should have been asked to fix, "not the market value, but the value to the seller at that time." But as we have pointed out, the plaintiff himself had assumed that the value to the seller was to be ascertained by proving the market value, and this he had undertaken to do by showing the amount that he had been able to obtain at a sale which he contended was a fair sale. Therefore, the testimony objected to was clearly admissible. This being so, there was thereby created a conflict in the evidence as to what was the value of the property to plaintiff's assignor at the time in question. The finding of the court as to value is substantially supported by the testimony, and this is sufficient to determine the case.

The judgment and order denying a new trial are affirmed.

James, J., and Shaw, J., concurred.