[Civ. No. 1315. Fourth Appellate District.—March 19, 1936.]

FRANK TATONE, Respondent, v. CHIN BING et al., Appellants.

544

Wakefield & Hansen for Appellants.

Lucius Powers, Jr., and Barbour, Kellas & Backlund for Respondent.

MARKS, J.—This is an appeal from a judgment awarding plaintiff damages for injury to personal property. An automobile of defendant Bing struck a truck of plaintiff loaded with fruit and vegetables which were destroyed in the accident. The trial court allowed plaintiff damages in the sum of $150 for the loss of the fruit and vegetables. The correctness of the award of this item of damage is the sole question presented on this appeal.

The agent of plaintiff had purchased the fruit and vegetables at a cost of $150, at a wholesale market in Fresno early on the morning of the accident. He was proceeding to his markets in the west part of Fresno County when the accident occurred. Over the objection of defendants plaintiff and his agents were permitted to testify as to the cost of the fruit and vegetables. Defendants maintain that their objections to this evidence should have been sustained and that there is no proper evidence in the record as to the plaintiff's damage caused by the destruction of the personal property in question here.

There can be no question but that the proper measure of damage in a case of this kind is the reasonable market value of the personal property destroyed. (*Murray* v. *South-*

*ern Pacific Co.,* 112 Cal. App. 150 [296 Pac. 667].) In an action for breach of contract to deliver personal property it has been held that evidence of the price paid in the open market for like property to supply deficiencies in the delivery was not material to plaintiff's case in proving damage. (*Fairchild etc. Co.* v. *Southern Refining Co.,* 158 Cal. 264 [110 Pac. 951]. See, also, *Mattern* v. *Anderson,* 18 Cal. App. 590 [123 Pac. 972].) In *Sanders* v. *Austin,* 180 Cal. 664 [182 Pac. 449], it was held that while the evidence of the cost price of an automobile in use by the owner for several months may not be admissible, still if such evidence be admitted without objection it furnished some evidence of value.

The case of *Angell* v. *Hopkins,* 79 Cal. 181 [21 Pac. 729], was an action for the recovery of personal property, or its value, in case delivery could not be had. The court there said: "It is contended that there was error in admitting evidence as to what the property cost the plaintiff. It is quite true that the measure of damages is the value of the property at the time of the conversion with certain additions in certain cases. (Civ. Code, sec. 3336.) But in arriving at such value, it was proper to take into consideration what the property cost as a circumstance, to aid at arriving at its value at the time in question. (*Luse* v. *Jones,* 39 N. J. L. 707, 708; *Jones* v. *Morgan,* 90 N. Y. 4, 10 [43 Am. Rep. 131]; *Norton* v. *Willis,* 73 Me. 580; *Small* v. *Pool,* 8 Ired. (30 N. C.) 47; *Boggan* v. *Horne,* 97 N. C. 268 [2 S. E. 224]; *Rawson* v. *Prior,* 57 Vt. (612) 615; *Ford* v. *Smith,* 27 Wis. 261, 267; *Roberts* v. *Dunn,* 71 Ill. 46, 50.)" (See, also, *Greenebaum* v. *Taylor,* 102 Cal. 624 [36 Pac. 957].)

It has also been held that the price at which a thing can be sold at public sale, or in the open market, is some evidence of its market value. (*Yukon etc. Co.* v. *Gratto,* 136 Cal. 538 [69 Pac. 252]; *Meyer* v. *McAllister,* 24 Cal. App. 16 [140 Pac. 42]; *Moore* v. *Maryland Casualty Co.,* 100 Cal. App. 658 [280 Pac. 1008].)

In *San Diego Water Co.* v. *San Diego,* 118 Cal. 556, at page 568 [50 Pac. 633, 62 Am. St. Rep. 261, 38 L. R. A. 460], the rule is announced that the judicial test of market value depends upon the fact that the property in question is marketable at a given price, which in turn depends upon the fact that sales of similar property have been and are being made at ascertainable prices.

In *Quint* v. *Dimond*, 147 Cal. 707 [82 Pac. 310], it was held competent to prove market value in the nearest market.

In the instant case the fruit and vegetables were purchased in the public wholesale market nearest the place of destruction a short time before the accident. The price paid was the wholesale price of the articles asked in this market. No contrary evidence was introduced by defendants. Under these circumstances the evidence bore upon the reasonable market value of the fruit and vegetables and sustains the judgment.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.