[Civ. No. 15312.   Second Dist., Div. Two.   Dec. 12, 1946.]

JOSEPH A. LONERGAN, Appellant, v. FORREST W. MONROE et al., Respondents.

224

Joseph A. Lonergan, in pro. per., George I. Devor and Jacob Swartz for Appellant.

Zagon and Aaron & Sandler for Respondents.

WILSON, J.—This action was brought to recover damages in the sum of $3,600 for the alleged conversion of neon signs and transformers. The court awarded plaintiff the sum of $289 and he has appealed from the judgment contending that he is entitled to the amount demanded in his complaint.

In June, 1940, pursuant to a written conditional sales contract, appellant constructed several neon signs for one Dorothee Butte on premises which she was occupying under a lease. The contract provided that title to the signs should remain in appellant until all installment payments had been made. Within a year after the execution of the contract Mrs. Butte abandoned the premises leaving the signs in place, and failed to pay the installments required by her contract. Title to the real property was transferred to respondent Monroe in December, 1942. Early in 1943, upon being notified by the police that some person had broken into the building, he visited the premises and in addition to broken glassware and dishes he observed some broken tubing used in neon signs. In June, 1944, he made a written lease of the premises to respondent Kroesen and another by the terms of which all equipment attached to the building on the demised premises remained the property of respondent Monroe, the lessor. The property remained vacant during substantially the entire period of

three years from the date of its abandonment by Mrs. Butte until the execution of the lease from Monroe to Kroesen.

When the last mentioned lease was executed the lessor granted permission to the lessees to make such use ·of the neon signs and the equipment connected therewith as they should desire. One of the signs, referred to as the large sign, was suspended between two iron posts imbedded in concrete, and the small sign was over the doorway of the premises, both reading "The Little Dutch Garden." The lessees did not intend to and did not adopt that name for the restaurant they were preparing to operate in the building. Pursuant to the terms of the lease and the permission granted by the lessor the lessees, in redecorating and renovating the premises, removed the signs and replaced them with others designating the name which they had chosen for their restaurant. They sold nine electrical transformers that had been a part of the equipment placed on the property by appellant.

The court found that respondents had converted the two signs and the nine transformers, and fixed the value of the signs respectively at $190 and $45, and the value of the transformers at $54, total $289, for which amount judgment was rendered in favor of appellant. The only controversy in the case is concerning the value of the converted equipment.

Evidence of the contract price of the signs was introduced, but the cost of merchandise does not determine the amount of damages to be awarded in an action for its conversion. Such evidence is admissible not as showing the value conclusively but only as a circumstance to aid in arriving at the value at the time in question. (*Angell* v. *Hopkins,* 79 Cal. 181, 183 [21 P. 729] ; *Greenebaum* v. *Taylor,* 102 Cal. 624, 627 [36 P. 957].) The rule is that the value at the time and place of conversion is the measure of damages. (Civ. Code, § 3336; *Griffin* v. *Porter,* 54 Cal.App.2d 254, 255 [128 P.2d 820] ; *French* v. *Robbins,* 172 Cal. 670, 678 [158 P. 188].) The applicability of this rule is patent where, as here, the property was fabricated for a particular purpose. (*Yukon River Steamboat Co.* v. *Gratto,* 136 Cal. 538, 541 [69 P. 252].)

The court did not find that the transformers that had been sold by respondents were attached to the signs when respondents took possession of the premises. There is a finding that respondents sold nine transformers that previously had been

an integral part of the equipment covered by the contract between appellant and Mrs. Butte, but the court did not find and there is no evidence that respondents had disconnected them from the signs. As far as can be ascertained from the findings the transformers were unattached to any sign when respondents went into possession. At that time the transformers were hanging on hooks with loose wires attached, and the electrical inspector would not permit the restaurant to be opened until they had been removed. It will be assumed, in the absence of a finding to that effect, that they were not an integral part of the equipment at the time of the sale. The decisions holding that conversion of a part of an article is the conversion of the whole are not in point.

The evidence shows that the neon signs that are the subject of this action were of no value except for the purpose for which they were constructed and were useless except in advertising a place of business having the same name as that indicated by them. Appellant testified on direct examination that the value of the large sign was from $1,800 to $2,000, and the small sign, $350 to $390. On cross-examination he stated that they were of little value except at this particular place—"there might be some reclaim value." He conceded that his estimate of their value was based on the assumption that the signs and their operating equipment were intact and that transformers and other appliances necessary to place them in use were attached or available. He admitted that without a complete complement his valuations would be incorrect.

Witnesses testified that there were no transformers in connection with either one of the signs and that the neon tubing on both had been broken. Appellant admitted that if he had removed the signs at the time Mrs. Butte abandoned them it would have been necessary to dismantle and reconstruct them before they could be used or sold. Witnesses who had had long experience in the construction, operation and care of neon signs testified concerning the value of the signs and transformers at the time respondents took possession and their evidence sustains the findings and judgment of the court, with which we cannot interfere.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 6, 1947.