[Civ. No. 13808.   First Dist., Div. Two.   Apr. 25, 1949.]

G. STROMAN et al., Appellants, v. MARY LYNCH et al., Respondents.

G. K. Burgren and Victor E. Cappa for Appellants.

Raymond D. Williamson for Respondents.

GOODELL, J.—Appellants sued for the conversion of household furniture and furnishings and other property, alleging its value to have been $3,775.25. They recovered a judgment for $1,000, with 7 per cent interest from the date of conversion, but deeming it inadequate they have appealed.

Appellants were tenants of a four-room apartment in San Francisco and when their occupancy terminated on December 23, 1943, the property removed therefrom was stored with respondents who are in the moving and storage business. By January 9, 1946 about $100 in storage charges had accrued and on that day respondents sold the property for $100. Through an error of respondents the legal notice of this sale was mailed to the wrong address and appellants never received it. The court found a conversion but as respondents have not appealed the only question now presented is as to the size of the award.

The measure of damage is "The value of the property at the time of the conversion, with interest . . ." (Civ. Code, § 3336).

A furniture dealer, called as an expert by appellants, testified that in general the price of furniture had increased at least 50 per cent since 1940. He had never seen the property, hence he did not fix a valuation on it as a whole. Appellants' counsel simply read to him (from the schedule of articles attached to the complaint) individual items and their cost, as supplied by Mrs. Stroman, and the witness added 50 per cent thereto.

Mrs. Stroman testified that the value of the property was $6,700, which figure she obviously arrived at by taking the cost of individual pieces and adding the 50 per cent to which the expert testified.

It is contended that "The court was bound by the plaintiffs' testimony as to value since it was uncontradicted and corroborated by independent proof of cost and fair market value and the surrounding circumstances." ▉ Mrs. Stroman's testimony was admissible for "It is a recognized rule that the owner of property, whether generally familiar with such values or not, is competent to estimate its worth, the lack of knowledge going to the weight rather than the admissibility of the testimony . . ." (10 Cal.Jur. 1023), but it by no means follows that it was conclusive. It was based largely, if not entirely, on cost and on the expert's testimony of a general 50 per cent enhancement since 1940. An owner's "testimony as to the cost of goods is a circumstance tending to show value" (10 Cal.Jur. 1023; *Kirstein* v. *Bekins etc. Co.*, 27 Cal. App. 586, 589 [150 P. 999]). ▉ "But evidence of cost is not necessarily evidence of market value. And, as a general rule, when property has been used, evidence of the cost of replacing it with new furnishes no measure of value for it." (10 Cal.Jur. 846.) ▉ In *Lonergan* v. *Monroe*, 77 Cal.App. 2d 223, 225 [175 P.2d 42], it is said ". . . the cost of merchandise does not determine the amount of damages to be awarded in an action for its conversion. *Such evidence is admissible not as showing the value conclusively but only as a circumstance to aid in arriving at the value at the time in question* [citations]." (Emphasis added.)

▉ When the property was sold on January 9, 1946, it was bid in by a licensed auctioneer who testified for respondents. He examined the property at respondent's warehouse and paid $100 for it; he resold it at auction two weeks later for $263.84. This resale price was competent evidence of value, for it is said in *Bagdasarian* v. *Gragnon*, 31 Cal.2d 744, 756 [192 P.2d 935], that ". . . market value of personal property

may be shown by the price paid for that identical property or by the price obtained for it at a subsequent sale. [Citations.]" See, also, *Yukon River etc. Co.* v. *Gratto*, 136 Cal. 538, 541 [69 P. 252] and *Tatone* v. *Chin Bing*, 12 Cal.App.2d 543, 545 [55 P.2d 933]. Such price on resale, however, is not conclusive. (*Breznikar* v. *T. J. Topper Co.*, 46 Cal.App.2d 435, 438 [116 P.2d 176].)

With respect to appellants' claim that Mrs. Stroman's valuation of $6,700 was uncontradicted, it should be remarked that when she so testified the court immediately checked her by saying "You swore in your complaint that it was $3775.25."

█ In addition to that she was confronted on cross-examination with a sworn statement given by her to the assessor in April, 1943 in which she valued the property at $300, a statement inconsistent with her "present testimony" (Code Civ. Proc., § 2052).

It is argued that that return is too remote since the conversion was on January 9, 1946. In the first place, it was the return for the same tax year as that in which respondents came into possession of the goods, on December 23, 1943. Secondly, between the last-named date and the conversion the goods were not in use, but in storage. Thirdly, in their complaint appellants elected to treat the value as stationary and constant by alleging it was $3,775.25 "At all the dates and times herein mentioned" which meant from December 24, 1943 when the goods were stored to January 9, 1946, when they were converted. Fourthly, appellants' position is inconsistent because in their brief they say "Clearly any opinion or appraisal of the value . . . made in 1943, would have no bearing on the value at the time of the established conversion three years later in 1946," while Mrs. Stroman's own testimony is based on valuations, namely cost prices, long antedating 1946.

█ The trial judge had before him figures ranging all the way from $263.84 up to $6,700, although the prayer was for $3,775.25 only. With these figures before him, and in the light of the rules of law already discussed (including the rule that cost price is not conclusive) he arrived at the figure of $1,000, an amount in between the two outside figures. In *Kirstein* v. *Bekins etc. Co.*, 27 Cal.App. 586, *supra*, an action, like this, brought against a storage company for loss of goods, a schedule attached to the complaint, showed their value to be $3,947.50. The verdict was for $750. The court said (p. 589) "It is apparent from the record that the jury in

arriving at its verdict considered the use to which the articles had been subjected, their condition, and other circumstances which in its opinion justified its conclusion." That case was followed in *Hood* v. *Bekins etc. Co.*, 178 Cal. 150, 152 [172 P. 594], where the only testimony respecting value was given by the plaintiff. The value of the stored goods was alleged to be upward of $3,000. The trial court found it to be $1,500 and on appeal the court said: "The value of her [the owner's] evidence and weight thereof was a question for the determination of the trial judge" and "it is not the province of this court . . . to determine otherwise."

The "amount of compensation . . . must be left to the sound discretion of the trial court, to be ascertained and adjudged after consideration of all the facts and circumstances established by the evidence in the case." (*Le Brun* v. *Richards,* 210 Cal. 308, 320 [291 P. 825, 72 A.L.R. 336].) The duty of an appellate court on the question of damages "is to uphold the findings if it is possible to do so upon any sound theory." (*Crystal Pier Amusement Co.* v. *Cannan,* 219 Cal. 184, 192 [25 P.2d 839, 91 A.L.R. 1357].)

There is ample evidence to support the $1,000 award. The contention that "the court erred in refusing to allow the plaintiff to amend . . . to conform to the proof" cannot be sustained. As we have just seen, the value as found by the court was well within the allegation and prayer of the complaint, of $3,775.25. We have also seen that the owner's valuation of $6,700 was neither conclusive nor uncontradicted. Hence a motion to amend "to conform to the proof," if made, would have been properly denied. However, no such motion was made. When Mrs. Stroman testified that the value was $6,700 and the court confronted her with her verified complaint alleging $3,775.25, her counsel said "We will ask leave to amend . . ." The record shows clearly that the court invited an amendment, but no motion was forthcoming either then or, as claimed, at the end of the trial, and there was nothing before the court on which it could be claimed, as it is now, that the court denied any motion to amend (see *Philbrook* v. *Randall,* 195 Cal. 95, 105 [231 P. 739]).

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied May 25, 1949, and appellants' petition for a hearing by the Supreme Court was denied June 23, 1949.