291 P.2d 2031

**Appellate Department, Superior Court, Los Angeles**

[Civ. A. No. 8793.   Dec. 13, 1955.]

ROBERT D. HILL, Plaintiff and Respondent, v. ED. S. DOMINQUEZ, Appellant; H. J. CARUSO, INC., et al., Defendants and Respondents.

K. Wallace McKnight for Appellant.

Roger J. Pryor, Block, Toler, Bulloch & Biggerstaff and Elizabeth D. Murphy for Defendants and Respondents.

PATROSSO, J.—Plaintiff, as assignee of H. J. Caruso, Incorporated, instituted this action to recover the balance alleged to be due upon a conditional sales contract for the purchase of an automobile, following a resale of the vehicle after its repossession by the vendor for default of the defendant purchaser. The defendant filed an answer, putting in issue the material allegations of the complaint and in addition thereto filed a cross-complaint to recover the money paid under the contract upon the ground that the same did not comply with the requirements of Civil Code, section 2982. (See *Carter* v. *Seaboard Finance Co.* (1949), 33 Cal.2d 564 [203 P.2d 758].) The trial court made findings adverse to the defendant upon all issues and rendered judgment in favor of plaintiff, from which defendant appeals.

The discussion in the briefs takes a wide range but inasmuch as a reversal is required by reason of the error in the rejection of evidence offered by the defendant, we restrict our discussion to this one point.

The contract in question was executed between the defendant and H. J. Caruso, Inc., and after giving credit for a trade-in allowance and a cash down payment of $500, called for an unpaid balance of $2,310.31, payable in monthly installments. H. J. Caruso, Inc., thereupon assigned all of its right, title and interest in and to the contract and the vehicle to Caruso Discount Corporation, which in turn assigned to Commercial Credit Corporation, which repossessed the car on October 19, 1953. Thereafter the finance company delivered the car to Caruso Discount Corporation, which in turn, on November 8,

1953, purported to sell the same to Caruso Enterprises Corporation, for the sum of $1,400. It appears that all of the Caruso corporations previously mentioned do business at the same location, and that H. J. Caruso is president of two of them and one A. J. Caruso the president of the other, and one Kenneth George Barnett is secretary of all. The latter testified that the business of these various corporations was "all basic around one corporation."

Upon the trial, Mr. Barnett was called as a witness upon behalf of plaintiff, and testified that the price of $1,400 for which the car was sold by Caruso Discount to Caruso Enterprises was the reasonable market value thereof. Following this, counsel for defendant sought to elicit from the witness testimony to the effect that subsequent to the purported sale to Caruso Enterprises the car was sold to Mr. and Mrs. Key, but objections to all questions along this line were sustained. Thereafter Mrs. Key was called as a witness by defendant, and by her testimony defendant sought to establish the sale of the car to herself and husband, and in connection therewith offered in evidence a copy of the contract evidencing such sale executed by H. J. Caruso, Inc., which contract is dated November 22, 1953, and recites a total cash price of $2,834.50. The court, upon objection by plaintiff. refused to admit such proof, and in so doing was in error.

Where, as here, the market value of personal property is in issue, evidence as to the price obtained for it upon a subsequent resale is competent and relevant. (*Stroman* v. *Lynch* (1949), 91 Cal.App.2d 406, 408-409 [205 P.2d 409]; *Bagdasarian* v. *Gragnon* (1948), 31 Cal.2d 744, 756 [192 P.2d 935].) If the proffered evidence had been received, it would have tended to establish that the value of the automobile in question, on November 22, 1953, 14 days after the purported sale thereof to Caruso Enterprises, was in excess of $2,800 rather than $1,400 as testified to by plaintiff's witness, as a result of which instead of having sustained a loss of $760.80, as determined by the court, plaintiff's assignor would have received more than $640 in excess of the balance due by defendant under his contract, and which surplus under the terms of the contract was payable to defendant.

A seller under a contract of conditional sale, who retakes the property sold and proposes to resell it and then sue the buyer for the balance due upon the contract price after crediting the amount obtained on such resale, must deal fairly and justly with the original buyer in making the resale.

(*Brewer* v. *Universal Credit Co.* (1940), 191 Miss. 183 [192 So. 902] ; *Motor Contract Co.* v. *Johnson* (1940), 61 Ga.App. 735 [7 S.E.2d 320] ; *General Motors Accept. Corp.* v. *Dickinson* (1933), 249 Ky. 422 [60 S.W.2d 967] ; *Conway* v. *Skidmore* (1935), 48 Wyo. 73 [41 P.2d 1049] ; Civ. Code, § 1780, subd. (5).) This requires of him that he use ordinary care to obtain on the resale the best price obtainable under the circumstances of the case. (*General Motors Accept. Corp.* v. *Dickinson, supra.*) ▉ He is not required in all cases to obtain the market value, but evidence that the vehicle had a market value of more than twice the amount for which it was sold constitutes persuasive proof that the seller did not use ordinary care to obtain the best price obtainable and hence failed to discharge his legal duty to the buyer.

The judgment is reversed.

Shaw, P. J., and Swain, J., concurred.